## MORRISON VS. FAKE.

1. ATTACHMENT. — The statute authorizing the issuing of a writ of attachment must be *strictly* pursued *in using that process;* no presumption will supply the defect when it is departed from.
2. SAME. — The officer before whom an affidavit is taken, for the purpose of suing.out a writ of attachment, must certify his satisfaction of the truth of the facts stated, in all cases, except for the first cause specified in the statute for issuing such writ.
3. AFFIDAVIT. — In stating the cause for an attachment under the sixth subdivision of the statute, it is proper to use the word "remove," "convey" *or* "dispose," in the disjunctive, and also the word "property" *or* "effects ;" but two or more of the six cases for an attachment specified in the statute must not be stated in the disjunctive form.*

ERROR to the District Court for *Dane* County.

*Morrison* commenced an action, by attachment, against *Fake*, in the Dane county district court. Upon the return of the writ, *Fake*, by his attorney, moved the court to quash the writ and dismiss the proceedings, upon the ground of the insufficiency of the affidavit upon which the writ was issued. The district court sustained the motion, and gave judgment for the defendant ; to reverse which the plaintiff prosecuted a writ of error.

The case is stated in the opinion of the court.

*David Brigham*, for plaintiff in error.

*John Catlin*, for defendant in error.

MILLER, J. The plaintiff in error, *James Morrison*, sued out of the district court of Dane county a writ of

attachment, which was founded on the following affidavit and proceedings :

"*James Morrison*, being duly sworn, doth depose and say, that *Henry Fake* is justly indebted to him in the sum of $112, lawful money, over and above all legal offsets or discounts, and that he has good reason to believe, and does believe, that the said *Fake* is about fraudulently to remove, convey or dispose of, his property so as to hinder or delay his creditor."

Sworn and subscribed to before Wm. N. Seymour, a supreme court commissioner, on the 8th day of February, 1840.

On said affidavit is this indorsement :

"The clerk of Dane county will please issue a writ of attachment in the above-entitled cause, and indorse thereon, David Brigham, plaintiff's attorney : Dated February 8, 1840," and signed by said William N. Seymour.

The defendant appeared in court and moved to have the writ quashed and proceedings dismissed, for these reasons :

1. The affidavit does not prove, nor is there any evidence, that the officer before whom it was sworn to was satisfied of the truth of the allegations contained therein.

2. There is no certificate of the officer, before whom the affidavit was taken, that he was satisfied that the allegations in the affidavit were true.

3. The affidavit is informal and insufficient.

The district court quashed the writ and proceedings, and, to reverse said judgment, this writ of error was sued out.

The causes of attachment prescribed by the act concerning the writ of attachment, page 165 of the Territorial statutes, are,

First. That the debtor has absconded, to which the party applying for the writ shall make oath, in writing, before any proper officer, as he verily believes. This oath alone entitles the party to the writ.

Morrison vs. Fake.

Second. That said debtor is about to abscond, to the injury of his creditors.

Third. That such debtor is not a resident of this Territory.

Fourth. That such debtor so conceals himself as to avoid the service of process.

Fifth. That such debtor is about to remove his property or effects out of the Territory.

Sixth. That such debtor is about fraudulently to remove, convey or dispose of, his property or effects, so as to hinder or delay his creditor.

In the five last cases, the party must satisfy the officer of the truth of the fact alleged. Why the legislature made the distinction in the cases, no good reason appears; but the distinction is made, and it must be observed. In the first case, the party, his agent or attorney, must file his affidavit in writing, that his debtor has absconded, as he verily believes, and this entitles him to the writ. What evidence is necessary to *satisfy* the officer, and in what form it must be made, is not set forth in the statute, other than the party must file the same with the clerk of the district court, when he shall issue the writ.

An affidavit of the party, his agent or attorney, or some disinterested person, containing one of the above causes, is certainly necessary; and the officer must indorse thereon his satisfaction of the truth of the facts alleged. The satisfaction of the officer must affirmatively appear on the record, before the writ can be properly issued by the clerk, and cannot be inferred or presumed from circumstances. In the case of *Mayhew v. Mayhew*, *ante*, decided at the last term of this court, it appeared that the affidavit was made before the clerk, who filed the same and issued the writ; from which as strong a presumption of his satisfaction arose as can in this case, from the order of Seymour to the clerk; but the court there unanimously decided, "that the satisfaction of the officer is an indispensable prerequisite, and that can regularly appear in no other way than by his own

indorsement of the fact." In all cases of this kind, courts uniformly confine plaintiffs to strict practice, and require them strictly to comply with the requisites of the statute. There is nothing to be left to inference; all the facts made necessary and requisite by the legislature must appear affirmatively. Nothing more is required by this rule than appears to be the universal practice of courts upon similar proceedings. In some of the cases, fraud is alleged against a party who has no way of traversing it; which renders it necessary that a creditor, who is anxious to secure his debt, should satisfy the officer of the fact, and that the officer should so certify. It is an *ex parte* proceeding that ought to be carefully guarded, or a door is opened to oppression and perjury. A responsibility is properly thrown on the officer, as well as the party, which is not to be evaded.

Although no error in the affidavit is specified in the exception, yet we have examined it and find that it sets forth, literally, one of the cases of attachment contained in the statute. We find it to be practiced in the Territory, to set out this cause in the disjunctive as set out here, and we are not disposed to change it. We are not disposed to confine the party to the use of one of the words, "*remove*," "*convey*" or "*dispose*," but he may use one, or all, at his pleasure; also the words "*property*," or "*effects*." In a case of fraud, it may be difficult to obtain satisfactory information, whether a man is removing or disposing of his property. Clearly, a party cannot set out two of the causes for attachment in the disjunctive. Both these points seem to be settled in 3 Watts, 144.

It is therefore ordered and adjudged that the judgment of the district court of Dane county be affirmed with costs.

* See *Klenke v. Schwalen*, 19 Wis. 111; *Lathrop v. Snyder*, 16 id. 293.