## BROWN vs. PRATT and another.

APPEAL — AFFIDAVIT. — Where the statute required that an affidavit for an appeal from justice's court should state that "*the appeal* is made in good faith," etc., an affidavit stating that "*the application* for an appeal is made in good faith," etc., is insufficient and fatally defective.

(4 Chand., 32.)

ERROR to the County Court for *Columbia* County.

Action on the case before a justice of the peace, and the plaintiff had a verdict and judgment for one hundred dollars, and costs. The defendants appealed to the county court for Sauk county, and upon trial a verdict was found for the defendants, which was set aside and a new trial granted. The venue was changed to Columbia county, and a motion was then made to dismiss the appeal for insufficiency of the affidavit for appeal, it stating that the defendants' " application in this suit for an appeal is made in good faith and not for the purpose of delay." The court denied the motion, and the trial proceeded, when after the close of the plaintiff's testimony, on motion of the defendants, the court nonsuited the plaintiff, and he brought a writ of error.

*W. H. Clark*, for plaintiff in error.

*Collins, Smith & Kissam*, for defendants in error.

LARRABEE, J. The affidavit made and filed with the justice was not the one required by the statute. In all cases of appeal from a justice, the affidavit must be " that the *appeal* is made in good faith," etc., and not that " the *application* for an appeal is made," etc.

The county court should have granted the motion to dismiss, for this reason.

The judgment is therefore reversed, upon this ground. We do not deem it necessary to investigate the cause further.

Judgment reversed.