397
38....246
53....620

EZEKIEL BREARLEY, Plaintiff in Error.

*vs.*

HORACE B. WARREN, Defendant in Error.

ERROR TO MARQUETTE COUNTY COURT.

Affidavit for appeal stating that the *application* is made in good faith and not for the purpose of delay, is not sufficient to give the appellate court jurisdiction.

This was an action of trover commenced before a justice of the peace, by the plaintiff in error, against the defendant in error. The plaintiff obtained judgment and the defendant attempted to appeal to the County Court. The affidavit for appeal states that the "*application*" for appeal is made in good faith and not for the purpose of delay. For this defect the plaintiff moved the court to dismiss the appeal, which motion the court overruled, proceeded to try the cause and rendered judgment against the plaintiff.

*Hand & Ketchum*, for the plaintiff in error.

*C. Mead*, for the defendant in error.

*By the Court*, CRAWFORD, J. The cases of *Clark and Rice vs. Bowers, garnishee &c.* (2 Wis. R. 123,) *Pelton vs. The Town of Blooming Grove*, decided at the present term of this court, and *Brown vs. Pratt and Wood* (4 *Chand.* 32) are decisive of the present case. There was no sufficient affidavit for an appeal filed with the justice of the peace, and therefore the County Court should have dismissed the appeal.—

JUNE TERM
1854.

Brearley
vs.
Warren.
That court acquired no jurisdiction of the case, (*vide* *Latham vs. Edgerton*, 9 Cow. 227, and cases there cited.

The judgment of the County Court is reversed with costs.