LEDERER vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAIL-
WAY COMPANY, Garnishee.

APPEAL FROM JUSTICE'S COURT. *Jurat, not signed, amendable.*

Where the affidavit for an appeal from a justice of the peace was in due form and duly signed, but the notary before whom the oath was taken inadvertently omitted to sign the *jurat*, the defect was amendable under sec. 37, ch. 125, R. S.; and the court below did not err in permitting the notary to sign the *jurat* as of the day when the oath was actually administered, and denying the motion to dismiss the appeal for such defect.

APPEAL from the County Court of *Milwaukee* County.

This action was brought in justice's court, and judgment rendered against the defendant company. Within the time allowed for appeal to the county court, a notice of appeal was served upon the justice, and also an affidavit, made by the general solicitor of the company, and regular in all respects

except that there was no signature to the *jurat.* Upon a motion in the county court to dismiss the appeal for want of a proper affidavit, it was shown by affidavits of the solicitor and a clerk in his office, that the latter was a notary public, and drew up the affidavit for appeal; that he took it to the solicitor, at his desk in another room, where it was signed by the latter, and the oath administered in due form; that he then returned with it to his own room, and afterwards served it upon the justice, omitting by inadvertence to subscribe the *jurat.* An order was thereupon entered denying the motion to dismiss, and authorizing the notary to sign as of the day on which the affidavit was in fact made. The plaintiff appealed from this order.

*M. N. Lando,* for appellant, argued that an appeal was given only by statute, and the statute must be strictly pursued; that an *affidavit* was required, not an *oath* merely; and that the affidavit should appear upon its face to be taken before the proper officer, and in compliance with all legal requisitions; that it could not be supplemented by other affidavits to give it that character; and that the order of the county court was therefore erroneous. *Clark v. Miles,* 2 Chand., 94; *Brown v. Pratt,* 4 id., 32; *Clark v. Bowers,* 2 Wis., 123; *Brearly v. Warren,* 3 id., 397; *Chinnock v. Stevens,* 23 id., 396; Bac. Ab., title "Affidavit;" *Knapp v. Duclo,* 1 Mich. N. P., 189; *Lumbard v. Zimmerman,* id., 313; *Calvert v. McNaughton,* 2 id., 8; *Ladow v. Groom,* 1 Denio, 429; *State v. Green,* 15 N. J. Law (3 Green), 88; *Bank v. Hinchcliffe,* 4 Ark., 444; *Tunis v. Withrow,* 10 Iowa, 305; *Chase v. Street,* id., 593.

*John W. Cary,* for respondent, contended that the actual making, signing and swearing to the affidavit was the essential thing, and that the signature of the notary was only the attestation or proof of what had been done; and that an affidavit might be amended, and the amendment in this case was properly allowed (*Dexter v. Hoover,* 2 Cow., 526; *Cutler v. Rathbone,* 1 Hill, 204; *Goodall v. Demarest,* 2 Hilt., 534; *Lawton v. Kiel,*

51 Barb., 30; *Bunce v. Reed,* 16 id., 347; 34 How. Pr., 465); and he distinguished *Chinnock v. Stevens,* 23 Wis., 396, in which the amendment required was to the body of the affidavit, and *Ladow v. Groom,* 1 Denio, 429, where the affidavit was held insufficient because no proof was given that it had in fact been made by the appellant.

COLE, J.    This is an appeal from an order of the court below allowing a notary public to sign his name officially to the *jurat* of an affidavit of appeal as of the day when the oath was actually administered by him, and denying a motion to dismiss the appeal.    It appears from two affidavits which were used on the part of the defendant company in resisting the motion to dismiss, that the affidavit for the appeal was signed by the general solicitor of the company, who was authorized to make affidavits for and in behalf of such company, and that the oath was actually administered, but the notary omitted, through inadvertence or mistake, to sign the *jurat,* as he should have done.    The question is, whether the defect was not amendable under sec. 37, ch. 125, R. S.    We think it was.

It is said by the counsel for the plaintiff, that as an appeal is given by statute, the law must be strictly complied with, or no appeal is taken.    This position is doubtless correct, and fully sustained by the authorities to which the counsel refers. In this case the requirements of the statute were complied with; an affidavit was in fact made in proper form, but lacked the signature of the officer to the *jurat.*    No amendment to the body of the affidavit was necessary in order to meet the demands of the statute, as in *Brown v. Pratt,* 4 Chand., 32; *Brearly v. Warren,* 3 Wis., 397, and *Chinnock v. Stevens,* 23 id., 396; but the affidavit was not authenticated.    But, while the *jurat* was not signed, it did appear that this was the mistake of the officer, and that the affidavit was in fact made by the solicitor of the company.    It seems to us that the case was fully within the spirit of the decisions in *Ladow v. Groom,* 1 Denio,

429; and *The State v. Green*, 3 Green (N. J. Law), 89; and that there was no error in permitting the notary to subscribe the *jurat* under the circumstances.

*By the Court.* — The order of the county court is affirmed.

RYAN, C. J., took no part in the decision of this cause.