APPEAL OF JOHN ROYSTON.

*November 25 — December 13, 1881.*

JURISDICTION:  APPOINTING GUARDIANS OF INCOMPETENT PERSONS.
*(1) When circuit court gets no jurisdiction on appeal. . (2) Unverified
petition gives county court no jurisdiction. (3) Record must show com-
pliance with statute. (4) Case stated. (5) Power of amendment in
such cases. (6) Prudential rules as to appointing guardians. (7) Who
may defend against the proceeding.*

1. Where the county court has failed to obtain jurisdiction of a proceeding
before it, the circuit court obtains none on appeal, even where the whole
matter is tried *de novo* in the appellate court.

2. The petition in this case (recited below) for the appointment of a guardian
of the person and property of the appellant on the ground of his incom-
petency (sec. 3976, R. S.), though meager in its statements of fact,
would probably have been sufficient, if properly verified, to give the
county court jurisdiction.

3. Such a proceeding being purely statutory and involving rights of both
person and property, the statute must be strictly followed, or the county
court will not obtain jurisdiction; and full compliance with the statute
*must appear on the face of the proceedings.*

4. The petition in this case, when the hearing was had in the county court,
and when its order was made, purported in other respects to be verified,
except that the *jurat* was not signed by any person; but before an appeal
was taken to the circuit court from such order, the county judge signed
his name to the *jurat,* and added a memorandum, which states that the
affidavit was signed by the affiant on the day of its date; that said
judge had omitted, by inadvertence, to sign the *jurat* at that time; and
that, on the day of the date of such memorandum (naming it) he had
subscribed his name to the *jurat* as of the day on which the affidavit
was in fact signed and sworn to.  The signature and memorandum do
not appear to have been made in the presence or with the knowledge
and consent of any party to the proceeding. *Held,* that neither the
county nor the circuit court acquired jurisdiction of the proceedings.

[5. Whether the defect in the proceedings could have been amended by a
proper proceeding under secs. 4046-48, R. S., it was not necessary to de-
termine in this case.]

6. This court is inclined to think that the county court should not proceed to
the appointment of a guardian under section 3976, R. S., where there
are relatives of the person affected, with whom he resides or who have

the care of him, on the application of a friend, unless the petition states some good reason why the application is not made by such relatives.

7. One proceeded against, under the statute, as an insane or incompetent person, may defend against the proceeding, and may appear by his attorney, like any other person, until finally adjudged insane or incompetent.

APPEAL from the Circuit Court for *Dane* County.

The case is thus stated by Mr. Justice TAYLOR:

"A petition was presented by one Henry Linley to the county court of Dane county, under section 3976, R. S. The following is a copy of the petition, after the title of the proceeding:

"' *To said Court:* The petition of Henry Linley, of Arena, Iowa county, Wisconsin, shows to this court that he is a neighbor and long-time friend of *John Royston*, of Mazomanie, in said county; that said *Royston* is now eighty-seven years of age, and by reason of extreme old age and consequent infirmity of body and mind he is mentally incompetent to have the charge of his property; that he has a considerable amount of personal estate and real estate; that he has no wife nor children in this county, and his estate greatly needs that a guardian be appointed to have the custody and control of the same; and that he is in great need of a guardian to have and take care of him. Wherefore he prays that some suitable person be appointed as such guardian, and that due proceedings be had therefor.

"' *Dated September* 30, 1879.

[Signed] "' HENRY LINLEY.'

"' *State of Wisconsin, Dane County* — *ss.:* Henry Linley, being first duly sworn, on oath says that he is the petitioner that has signed the foregoing petition, and that the same is true. [Signed] HENRY LINLEY.'

"' Subscribed and sworn to before me this thirtieth day of September, 1879.'

"No name was attached to the *jurat* at the time the petition was presented to the court, when the order for the hearing

was made and notice required to be given to the said *John Royston*, nor at the time the order was made by the county court declaring said *Royston* incompetent to manage his own affairs, nor when the order was made and entered by the county court appointing Jonathan Jones his guardian. A final order was made in the matter, appointing said Jones guardian, on the eighth day of November, 1879. Letters of guardianship were issued by said court to the said Jonathan Jones as guardian of the person and estate of *John Royston*. No one appeared in the county court to resist the proceedings. Afterwards, and on the fifteenth of December, 1879, the county judge signed his name to the *jurat* attached to said petition, and made the following memorandum thereof:

" 'The above affidavit was subscribed and sworn to by Henry Linley before me, September 30, 1879. By inadvertence I omitted to sign the *jurat* at that time. On this 15th day of December, 1879, in open court, I have subscribed my name to the above *jurat* as of September 30, 1879, the day on which said affidavit was in fact signed and sworn to.

" ' ALDEN SANBORN, County Judge.'

" This memorandum and signature does not appear to have been made when any of the parties to said proceedings were present, or with their knowledge or consent.

" The appeal from the proceedings in the county court was taken and perfected on the 24th of December, 1879. When the appeal was ready for trial in the circuit court, the appellant, by his attorneys, moved that the proceedings be dismissed, for the reason that no verified petition was presented to the county court as required by said section 3976, R. S., and because the verification was not sufficient in form and substance in this, that the petitioner did not state that the facts stated in the petition were true of his own knowledge. This motion was overruled, and the appellant, by his counsel, duly excepted, and thereupon a jury was called and a trial had. Upon the trial the jury found the following facts: (1) That

on the 11th day of November, 1879, *John Royston* was, by reason of extreme old age, mentally incompetent to have the charge and management of his property. (2) That at the time of the hearing in the county court he was incapable of taking care of himself and managing his property. . (3) That his incompetency still remained. (4) That Henry Linley, the petitioner, was a friend of *John Royston.* (5) That *John Royston* was the owner of real and personal estate. Upon these findings the circuit court affirmed the order of the county court appointing said Jonathan Jones guardian of the person and property of the said *John Royston.*

"The appellant, by his counsel, duly excepted to the findings of the court and jury. Exceptions were also taken to the instructions given to the jury by the court upon the fourth question submitted to them."

From the order of the circuit court, *John Royston* appealed.

For the appellant there was a brief by *Keyes & Chynoweth,* and oral argument by *Mr. Chynoweth:*

1. The failure of the county judge to affix his name to the *jurat* of the petition was fatal to his jurisdiction. This is a special proceeding. R. S., sec. 3976. The county court is a court of limited jurisdiction, and every step prescribed by the statute must be rigidly observed in order to make an adjudication by it upon a matter of this nature valid. The basis of the whole proceeding is a verified petition of a relative or friend. Without this the powers of the court cannot be called into action. A petition cannot be said to be verified, which is not signed by the officer who administered the oath upon it. The signature is an essential part of the verification. *Fellows v. Menasha,* 11 Wis., 558; *Lederer v. Railway Co.,* 38 id., 244. The county court can know or take cognizance of the facts only as they are represented to it by the petition, even though the judge of the court may have positive knowledge of all the facts. The fact of verification must appear

upon the face of the petition, in the same way as other juris-
dictional facts. *People ex. rel. Rogers v. Spencer*, 55 N. Y.,
1. 2. The defect in the petition was not attempted to be
amended in the manner prescribed by law. R. S., secs. 4046–
4048. And it was not amendable. *Wright v. Fallon*, 47
Wis., 488, 491 and note; *Bill v. Bament*, 8 M. & W., 317;
*Bonesteel v. Orvis*, 23 Wis., 506. 3. The form of the verifi-
cation was defective. The word "verified" as used in this
section has the same meaning as when used in the statute in
reference to the verification of pleadings. R. S., sec. 2666.
The verification should be to the effect that the pleading is
true *to the knowledge* of the person making it. *Sexauer v.
Bowen*, 3 Daly, 405; *S. C.*, 10 Abb. Pr. (N. S.), 337; *Morley
v. Guild*, 13 Wis., 576; *Williams v. Riel*, 5 Duer, 601;
*Smalls v. Wilder*, 6 Rich. (S. C.), 402.

For the respondent there was a brief by *Vilas & Bryant*,
and oral argument by *Mr. Bryant*:

The petition was verified when Henry Linley, who signed
it, appeared before the judge of the county court and swore it
was true. The statute does not require a verification by affi-
davit. The petitioner might have appeared before the county
judge and verified the petition by an oral oath, and the judge
might have made a minute in his records of such verification,
and the statute would have been satisfied. The petition would
then have been verified. *Smith v. Benton*, 15 Mo., 371;
*Laswell v. Pres. Church*, 46 id., 279. But, considering the
verification as required by affidavit, the omission of the *jurat*
of the judge was not fatal to jurisdiction. *English v. Wall*,
12 Rob. (La.), 132; *Kruse v. Wilson*, 79 Ill., 237; *Buckland
v. Goit*, 23 Kans., 327; *Hartsell v. Myers*, 57 Miss., 136;
*Hunter v. Le Conte*, 6 Cow., 728; *Bergesch v. Keevil*, 19
Mo., 127; *Maples v. Hicks*, Brightly (Pa.), 56; *Pottsville v.
Curry*, 32 Pa. St., 443; *Lederer v. C., M. & St. P. Railway
Co.*, 38 Wis., 244; *Schuster v. Haight, ante*, p. 290; *Cook v.
Jenkins*, 30 Iowa, 452. The verification is required to be in

no particular form. The words, "of his own knowledge," are not essential. Perjury could be assigned upon this affidavit if false, if when Linley swore to it he knew or believed it to be false; and so perjury could be assigned if he believed it to be false, even if it were true. *State v. Cruikshank*, 6 Blackf., 62; *State v. Knox*, Phil. Law (N. C.), 312; *Commonwealth v. Hatfield*, 107 Mass., 227; *People v. McKinney*, 3 Parker C. R., 510; Wharton on Crim. Law, § 1246.

TAYLOR, J. The learned counsel for the appellant insists that the circuit court erred in not dismissing the proceedings upon their motion, on the ground that the county court never obtained jurisdiction of the proceedings in the action, for want of a verified petition. We think this the important question in this case. If the county court had jurisdiction of the subject matter of the proceedings, then, as the whole matter was again litigated in the circuit court, any intervening errors in the county court would be no ground for reversing the judgment of the circuit court. If, however, the county court failed to obtain jurisdiction of the subject matter of the proceedings, then the circuit court could not obtain jurisdiction of them by the appeal; and the only order or judgment it would be authorized to make in the matter, would be a judgment and order dismissing the same. See *Butler v. Wagner*, 35 Wis., 54; *Klaise v. State*, 27 Wis., 462–464; *Stringham v. Sup'rs of Winnebago County*, 24 Wis., 594; *Felt v. Felt*, 19 Wis., 193.

In order to give the county court jurisdiction of the subject matter of these proceedings, it is necessary that a relative or friend of the person for whom the appointment of a guardian is sought, should present to the county court of the proper county a verified petition, setting forth facts showing that one or more of the reasons specified in the statute why such appointment ought to be made, exists. The petition presented in this case, though very general in its statement of facts, is

on its face, we think, sufficient in that respect, although we think it would be better practice to require the petitioner, in all cases of this kind, to state fully the name of the person with whom the supposed insane or incompetent person is living, if living with any one; who are his relatives, if he have any living; what his estate consists of, and who has charge of it; so that the county court may act with a full knowledge of those interested in his welfare and estate, and may cause notice to be given to them of the application, if it shall deem such notice necessary or proper. But we are not prepared to say that a petition which fails to contain these matters is not sufficient under the statute to give the court jurisdiction to proceed in the matter. The only objection taken to the petition by the learned counsel for the appellant is, that it was not a verified petition, within the meaning of the statute, when presented to the county court and when the county court made its orders in the proceeding.

The proceeding, so far as the jurisdiction of the county court is concerned, is purely statutory; and as it is one involving the rights of both person and property, according to all rules of law applicable to such proceedings, the statute must be strictly followed, or the court or officer exercising the authority will not obtain jurisdiction, and the proceedings will be void. This case is a vindication of the propriety of the rules of the courts upon this subject. Here the county court, upon a petition which was very meager in its facts, and without any apparent necessity, puts the appellant and his estate under guardianship without the knowledge of his relatives living in his immediate neighborhood, who had the care of him, and when his estate was apparently well managed by an agent acceptable to himself and his relatives. When it is possible that such proceedings can be perfected under our statute in a regular manner, behind the backs of all those having any real interest in him or his estate, the courts ought to require a strict compliance with all its provisions. The rule in such

cases is, that the requirements of the statute must appear to have been strictly complied with upon the face of the proceedings; and no inferences are indulged in in support of the proceedings.

Under this rule, we are very clear that when the hearing was had, and the order appointing the guardian was made by the county court, the record of the proceedings in that court did not show that any verified petition had been presented as required by the section above quoted. The petition, in the form it then was, would clearly indicate that it had not been verified. The *jurat* not being signed by any person, the presumption of law is that it was not sworn to. The *jurat*, signed by the officer administering the oath, is the usual evidence of the fact that the oath was administered. The rule is general and universal that the person who administers the oath in such case shall verify the fact by his signature to the *jurat*. It follows, therefore, that in the absence of such signature the presumption is that no oath was administered. There is nothing else in the record except the statement of the county judge, made several weeks after the proceedings were completed in his court, and in the absence of all the parties interested in the case, which tends to overcome the presumption arising from the want of the signature to the *jurat*. Neither the order for the hearing nor the order appointing the guardian recites that the petition presented was a verified petition. The recital in these orders is simply that a petition was presented. It is clear that, under the rule which requires the proceedings to show upon their face every fact which the statute declares shall be shown in order to give the court jurisdiction to proceed, these proceedings did not show that the county court had any jurisdiction of the subject matter when the order appointing the guardian was made by that court.

This, we think, is fully supported by the highest authority, and especially by the decisions of this court. *Clark v. Miles*, 2 Pin., 432; *Brown v. Pratt*, 3 Pin., 305; *Clark v. Bowers*,

2 Wis., 123; *Brearley v. Warren*, 3 Wis., 397; *Pelton v. Town of Blooming Grove*, id., 310; *Varney v. Caswell*, id., 744; *Chinnock v. Stevens*, 23 Wis., 396; *Lederer v. Railway Co.*, 38 Wis., 244; *Wright v. Fallon*, 47 Wis., 488; *Schuster v. Haight*, *ante*, p. 290. There is also a long line of cases in this court showing that in attachment proceedings the statute must be strictly complied with, or the whole proceeding is void; also that in cases of sales made by administrators, executors or guardians, any omission of a matter required by law avoids the proceeding, in the absence of a statute curing the defect. These cases are so familiar to the bar as to render it unnecessary to cite them here. We cite the following cases in the court of appeals of New York, showing the strictness with which courts compel officers or courts proceeding in special cases to conform in every respect with the statute authorizing the proceeding: *People ex rel. v. Smith*, 45 N. Y., 772; *People ex rel. v. Hulburt*, 46 N. Y., 110; *People ex rel. v. Knowles*, 47 N. Y., 415; *People ex rel. v. Spencer*, 55 N. Y., 1. In the last case cited the court say: "If any facts required to be stated are omitted, all the subsequent proceedings are fatally defective. It does not aid the proceeding that the facts exist, or that they are in some other way or at any other stage of the proceedings brought to the knowledge of the officer, or that the statement of them may seem unnecessary in view of the inquiry and adjudication which he is authorized to make. The statute prescribes the proof which is to be presented to the county judge. It is material, because the statute requires it. It must be presented in the form and at the time required, or the officer acquires no jurisdiction."

The authority of these cases is not disputed by the learned counsel for the respondent, but they insist that the defect in the proceedings is not of such a nature as to render them void. We do not understand the argument to be that the proceedings would not be void upon their face, when it appears that the petition was not verified; but it is insisted that, although the

petition did not appear on its face to have been verified when the proceedings were taken, they did appear verified when the motion to dismiss the proceedings in the circuit court was made, and therefore the court was right in refusing to dismiss the same.    The record discloses the fact that it did not show a verification when the order appointing a guardian was made, and it also discloses that the *jurat* was afterwards signed by the judge who administered the oath, of his own motion, and without any application by any party to the proceeding to amend the same.

It is urged by the learned counsel, that when the evidence of the fact that the petition was verified is in the knowledge of the judge of the court before whom the proceedings were had, he may, after the final judgment has been rendered by him in the proceedings, without any application by either party, place upon the record that evidence, and thereby render the proceedings valid.    We think it would be unsafe to allow courts of limited and special jurisdiction to so amend their proceedings.    Such action on the part of the court, or the judge thereof, is clearly an amendment of the proceedings.    If the act done by the learned judge after judgment, and without the motion of either party, shall stand as a part of the proceedings in the action in this case, then we see no reason why the judge might not, in any case after judgment, of his own motion, insert any order or proceeding in the record which the statute makes necessary to the validity of his proceedings. We think our statute on the subject of amendment of proceedings in the county courts (sections 4046, 4047, 4048, R. S.), as well as the decisions of this and other courts, do not sanction such a proceeding.

In the case of *Slaughter v. Bevans*, 1 Pin., 348, the court held that when the statute required that before a writ of attachment was issued the officer should indorse his satisfaction on the affidavit upon which it was founded, the want of such indorsement could not be supplied or cured by the

officer coming in after the issue and service of the writ and in-dorsing such satisfaction.    In that case the indorsement was made on the application of the plaintiff, but before the defend-ant had appeared in the action, and was allowed to be done by the court.    Afterwards the defendant appeared in the action and moved to dismiss the attachment.    The motion was over-ruled, and then the defendant filed a plea in abatement traversing the truth of the facts set out in the affidavit, which was found against him; and then he filed a plea of the general issue, and a special plea to the complaint.    The court, on ap-peal, notwithstanding what had been done in the case, ordered the writ of attachment and all subsequent proceedings to be set aside, and mainly on the ground, as we understand the case, that the officer had not properly indorsed his satisfaction upon the affidavit upon which the writ was founded.    In *Morrison v. Fake*, 1 Pin., 133, the court held the attachment proceed-ings void because the officer before whom the affidavit was made, and whose duty it was to have indorsed his satisfaction, failed to do so, although it appeared that he indorsed on the back thereof. a direction to the clerk of the court to issue the writ.

That the officer was, in fact, satisfied with the affidavit when it was made and when he directed the writ to issue, is clearly held in these cases to be of no consequence, so long as he did not indorse such satisfaction on the affidavit itself.    The in-dorsement of the fact of the satisfaction was what gave validity to the writ, and not the mere existence of the fact that he was so satisfied.    So, in the case at bar, in order to justify the county court in proceeding to appoint a guardian for the ap-pellant, the statute required that a verified petition should be presented by a relative or friend.    At the time the order was made, no verified petition had been presented to the court, so far as appeared from the records; and upon the face of the proceedings the order was void.    Does the fact that the judge knew it had been sworn to, cure the defect?    If it does, then

it would make no difference how he came by his knowledge. If he had seen the petitioner sign the oath, and heard some notary public or justice of the peace administer the oath to the petitioner, he would have been as well authorized to proceed upon the petition as though he had administered the oath himself. In either case the record would not show that the petition had been verified, but the fact that it had been would be known to the judge. If he can be permitted to make the record perfect by signing the *jurat* after judgment, then he might be permitted to allow the officer who in fact administered the oath, to come in and perfect the record by signing the same. If the fact that an oath was administered to the petitioner is the only material thing which gives the county court jurisdiction of the proceedings, then his knowledge or want of knowledge of the fact would make no difference; and if the fact were proved outside of the record, either before or after judgment, the proceeding should be upheld; and so some of the authorities cited by the learned counsel for the respondent seem to hold. We are not inclined to follow that line of decision, and we think we could not without overruling many of our own decisions in similar cases. Whether the defect in these proceedings could have been amended by a proper proceeding under the sections above quoted, it is unnecessary to decide in this case, as no such proceedings have been taken to correct the record in that respect. When the appellant made his motion in the circuit court to dismiss the proceedings because they did not on their face show that the county court had jurisdiction to make the orders, the record, so far as the same was a record, did not show jurisdiction, and the motion should have been granted. If the proceedings could have been amended by a proper proceeding, no such proceeding was had, and the defect in the same was not in any way cured. *Whitney v. Brunette*, 15 Wis., 61–75; *Witte v. Meyer*, 11 Wis., 300.

Having come to the conclusion that the county court never obtained jurisdiction of the proceedings, and that the case

should have been dismissed by the circuit court upon motion of the appellant, it becomes unnecessary to pass definitely upon the other question raised by the learned counsel for the appellant. We are, however, inclined to think that under the statute the county court should not proceed to the appointment of a guardian under the statute, when there are near relatives of the person, with whom he resides, or who have the care of him, on the application of a friend, unless it appears from the petition that there is some good reason why the application is not made by such relatives. The statute, we think, contemplates that the relatives shall make the application, when there are any in the immediate vicinity of the insane or incompetent person; and this should be so, especially when the court proceeds to appoint a guardian of the person of one insane or incompetent. The custody of a father, or grandfather, should not be taken from a son, or daughter, or grandchild, or other near relative, on the application of one not being a relative, unless there be some other reason shown than that his physical and mental powers have become enfeebled by age, and certainly not upon the application of a person who makes the application because of some ill-will or misunderstanding between himself and the person who has the management of his estate. See *Francke v. His Wife*, 29 La. Ann., 302, 309.

Whether the definition given by the learned judge of the word "friend," used in the statute, is the true one, we need not determine. A case might undoubtedly arise where the court would be justified in proceeding upon the application of a person having no more friendly relations to the incompetent person than the petitioner in this case; but where it appears that there are near relatives or others occupying the position of a "friend," having intimate associations with the party proceeded against, such relatives or friends ought to be the petitioners, unless some cause be shown why they neglect or refuse to proceed.

We find nothing in the record or in the affidavits presented

which would justify dismissing the appeal in, this case. We can see no reason why a man who is proceeded against as an insane or incompetent person, under the statute, is not the proper person to defend against the proceeding; and until he is finally adjudged to be insane or incompetent, he may appear by his attorneys as any other person. *Cunio v. Bessoni,* 63 Ind., 524.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded with directions to that court to dismiss the proceedings.