## MATSON V. SWENSON.

1.   Under Section 5651, Comp. Laws, being a part of the Probate Code, declaring the effect and prescribing rules for the construction of proceedings and judgments in the probate court, the county court, when acting as a probate court, or upon matters committed to it by the Probate Code, is a court of general jurisdistion.

2.   As such a court, in respect to such matters, its jurisdiction will be presumed against collateral attack, until a state of facts inconsistent with such presumption is affirmatively shown.

3.   In proceedings under the Probate Code for the appointment of a guardian for an incompetent person, entertained and acted upon by the county

court, resulting in such appointment, such appointment will not be held to be invalid on collateral attack because the written petition was formerly addressed to the judge instead of the court.

4.   Under Section 5996, Comp. Laws, providing that upon certain facts being represented to the court "the judge must cause notice to be given" etc., a notice purporting to issue from the court under its seal, and signed by the clerk, is a good notice, especially as it is provided by Section 6040 that "the powers conferred upon the probate judge in relation to guardians and wards may be exercised by him at chambers, or as the act of the probate court."

5.   In a collateral attack by a stranger it is not a fatal objection to the validity of such appointment that five days, as required by statute, did not intervene between the service of the notice and the hearing; and, in the absence of any showing to the contrary, it will be presumed that full statutory notice was waived.

(Syllabus by the court.   Opinion filed April 3, 1894.)

Appeal from circuit court, Minnehaha county.   Hon. FRANK R. AIKENS, Judge.

Action in replevin.   Plaintiff had judgment, and defendant appeals.   Affirmed.

The facts are stated in the opinion.

*Joe Kirby*, for appellant.

This action was brought by the plaintiff, an insane person, through his purported general guardian.   The appointment of the guardian was denied in the answer.   The proceedings for the appointment of a guardian are purely statutory and a strict compliance therewith is necessary to jurisdiction.   The court erred in admitting in evidence the petition for the appointment of a guardian, the petition being insufficient in that it was addressed to the judge and not to the court and was not verified.   Comp. Laws, Sec. 5996; Appeal of John Royston, 11 N. W. 36; Royston by Guardian v. Wilson, 11 N. W. 41; Bookout in Matter of 21 Barb., 348; Pelton v. Town Blooming Grove, 3 Wis. 310; Chinnock v. Stevens, 23 Wis. 396; Wright v. Fallon, 2 N. W. 1120; Schuster v. Haight, 10 N. W. 511; People v. Smith, 45 N. Y. 772; People v. Hurlburt, 46 N. Y. 100; People v. Knowles 47 N. Y. 415; People v. Spencer, 55 N. Y. 1; 2 Am. & Eng. Ency. L. 334; Pennoyer v. Neff, 95 U. S. 714.

While the words "subscribed and sworn to" appear at the bottom of the alleged petition, no venue appears and the petitioner merely subscribed his name to the petition with no verification attached or signed by him. Neither does the certificate of the notary show that the petitioner was sworn. This does not amount to a verification. 2 Chit. 19; 18 Eng. Com. L. 235; 1 New. Ch. Pr. 165; Hathaway v. Scott, 11 page 173; Wright v. Fallon, Schuster v. Haight.

The citation admitted in evidence by the lower court was not sufficient in that it was signed by the clerk and not by the Judge, and was therefore void. Comp. Laws, Sec. 5954; Comp. Laws, Sec. 5952; Comp. Laws, Sec. 7510. The citation was further insufficient in that five days did not intervene between the day of the service and the return day, two of the days so intervening being holidays. Where a given number of days service less than a week is required it means secular days, and holidays are excluded in such computation. Whipple v. Williams, 4 How. Pr. 28; Lowe v. Stringham, 14 Wis. 222; Thayer v. Felt, 4 Pick. 354. The bond of the guardian was insufficient in that it was never approved by the Judge or otherwise. Slaughter v. Bevans, 1 Wis. 348; Morrison v. Fake, 1 Wis. 133.

*Wm. A. Wilkes*, for respondent.

The county court of this state is a court of record and it has original, general and exclusive jurisdiction in proceedings for the appointment of guardian for the insane. Cons. Secs. 19, 20; Comp. Laws, Secs. 5996, 2639. The jurisdiction of such a court proceeding within the scope of its powers is presumed and cannot be attacked in a collateral proceeding except by showing facts that overcome the presumption. This presumption as to jurisdiction extends to facts concerning which the record is silent. Am. & Eng. Enc. Law, p. 271; Comp. Laws, Sec. 5951; Wells Juris. of Court, Sec. 274; 72 Ill. 343; 80 Ill. 147.

Kellam, J.   In this case the only errors alleged are predicated upon the admission by the trial court of certain papers to prove the plaintiff's appointment as guardian.   The complaint alleged the appointment, together with the facts relied upon to constitute the cause of action sued upon.   The answer was a general denial.   Upon the trial the plaintiff offered the petition, citation, order appointing, letters of guardianship and guardian's bond.   They were objected to by defendant on the ground that it appeared upon their face that the court had no jurisdiction of the proceedings, the petition being directed to the judge and not to the court; the citation signed by the clerk and not by the judge; the statutory time not intervening between the service of the citation and the hearing; and it not appearing that the subject of the examination was present, or that he was unable to attend.   The objections were overruled. The trial resulted in a judgment for the plaintiff.   The defendant appealed, claiming error in the above ruling.

Section 5651, Comp. Laws, being a part of the Probate Code, reads as follows:   "The proceedings of this court are construed in the same manner, and with like intendments, as the proceedings of courts of general jurisdiction, and to its records, orders, judgments and decrees, there are accorded like force, effect and legal presumptions as to the records, orders judgments and decrees of district courts."   The effect of this section, if the law were not so before, is to make the county court, when acting as a probate court, and in respect to probate matters, a court of general jurisdiction, with the same presumptions in its favor as in the case of ordinary courts of general jurisdiction; that is, the subject of the action being one properly cognizable in such court, it will be presumed that the court in a legal manner obtained and had jurisdiction to pronounce judgment.   It is not necessary in this case to enter upon the uncertain and contested ground of when, as against a judgment in such case, it may be affirmatively shown that the court did not in fact have jurisdiction.   The objection to this

appointment and these letters of guardianship is based upon the papers themselves,—upon what they do and do not show. Considering this court as a court of general jurisdiction in respect to the matters exclusively committed to it by the statute, including the appointment of a guardian for an insane or incompetent person, its jurisdiction will be presumed against collateral attack, until a state of facts inconsistent with such presumption is affirmatively shown. While such presumption will not prevail against contrary facts shown by the record, it is efficient to supply defects or omissions. In the Royston Case, 53 Wis. 612, 11 N. W. 36, and the Bookhout Case, 21 Barb. 348, cited and quoted by appellant, what the court said was not in reference to a collateral attack upon the judgment of the appointing court, but the question of the jurisdiction was directly before the court in the very proceeding itself for the appointment of the guardian. In such case the question before the court is, are facts shown which give the court jurisdiction? But when, after deciding this question affirmatively, and proceeding to pronounce its final judgment, such judgment is, in another and different action, challenged for want of jurisdiction the question is, are facts exhibited which show that the court did not have jurisdiction? In the first case nothing will be presumed to give the court jurisdiction; in the latter case everything will be presumed to sustain its jurisdiction that is not inconsistent with the facts shown. Black, Judgm., § 270, and cases cited. The fact that our Probate Code expressly gives the judgments and decrees of the county court, when acting upon the subjects committed to it by such code, the character and force of judgments and decrees of a court of general jurisdiction, makes inapplicable authorities from states in which the court acts as a court of limited and special jurisdiction, whose authority to act in any given case must fully and affirmatively appear, unaided by presumptions.

The question here is, do the papers offered in evidence show that the court did not have jurisdiction? for, if not, it will

be presumed that it had. It is first objected that the petition which initiated the proceedings is addressed to the judge instead of the court. Taken in connection with the evidence of the proceedings immediately following, we do not think it material that the petition was formally addressed to the judge. If the application had in fact been made to the judge, and he had no authority to entertain it, it would, as in the Bookhout Case, *supra*, have been refused; but here, although the petition was addressed to the judge instead of the court, it appears that it was in fact presented to and acted upon by the court. We think that from this record it sufficiently appears that it was "represented to the court."

It is next objected that the citation was signed by the clerk and not by the judge. The statute (Section 5996) says that, upon certain facts being represented to the court by verified petition, "the judge must cause notice to be given," etc. The citation in evidence purports to be the act of the court, under its seal, attested and signed by the clerk. Section 6040, Comp. Laws, provides that "the powers conferred upon the probate judge in relation to guardians and wards may be exercised by him at chambers, or as the act of the probate court." The notice as to form was sufficient, whether proceeding from the judge or from the court. A further objection is that the five days required by said Section 5996 did not intervene between the service of such notice and the hearing. Doubtless Matson, the person to whom it was directed, might have objected to this insufficient notice, or he might have waived it. Inasmuch as he might have waived the defect, and as the court could not properly proceed unless he did, and as there is nothing in the record inconsistent with such presumption, it will be presumed, as against collateral attack, that it was so waived. Besides, the question here between these parties is not what it would be if Matson were appealing, and assigning as error that the court had proceeded without sufficient notice to him; but, as long as he is content to waive the alleged error or irregularity, which

goes only to the jurisdiction of his person, no fraud or interference with pre-existing rights being alleged, strangers cannot avail themselves of it collaterally. Rollins v. Henry, 78 N. C. 346; Black, Judgm., § 260; Drexel's Appeal, 6 Pa. St. 276. We do not think the record, as it is, in respect to this point, has the effect to disprove the court's jurisdiction.

We think the further objection that the record introduced does not show either that Matson was present or unable to attend, if such fact might be even considered as jurisdictional, may fairly be disposed of in the same manner. The record is silent as to whether he was present or not. If his presence were necessary, it will be presumed in the absence of any showing to the contrary. All the errors assigned were predicated directly upon the admission of the records of the probate court, and the holding of the trial court as to their effect. We discover no error, and the judgment of the circuit court is affirmed.