## STEARNS v. WRIGHT *et al.*

The validity of a judgment of a court of general jurisdiction is conclusively presumed, as against collateral attack, unless the record affirmatively shows its invalidity; and it cannot be impeached on the ground that it was without jurisdiction as to certain defendants, because the record fails to show service upon them.

(Opinion filed August 29, 1900.)

Appeal from circuit court, Hutchinson county. Hon. E. G. SMITH, Judge.

Action by James H. Stearns, as receiver of the German-American Loan & Trust Company, against Anna P. Wright

and others.  Judgment  for  defendants, and  plaintiff appeals.
Affirmed.

The facts are stated in the opinion.

*Bailey & Voorhees,* for appellant.

The defendant cannot have a decree against a co-defend-
ant without a cross bill,  with  proper prayer, and  process or
answer, as in an original suit.   Walker  v. Byers, 14 Ark. 246;
Grant's Dig. § 4559; Cullum v. Erwin, 4 Ala. 462, Cummings v.
Gill, 6 Ala. 562; Shelby v. Smith, 2  A. K. Marshall, 504: Max-
well on Code Pl. 550; Bliss on  Code,  Pl. 390;  Fletcher  v.
Holmes, 25 Ind. 458; Tucker v. Ins. Co. 63 Mo. 588.

*Robert B. Tripp,* for respondent.

When a  court  exercises jurisdiction, and  the  record is
silent, it will be presumed that it had  jurisdiction, upon collat-
teral attack.   McConnel v. Day, 33 S. W. 734; Eichhoff v. Eich-
hoff, 36 Pac. 11; Goodsell  v. Della,  18  So. 452; Summermeyer
v. Summermeyer, 61 N. W. 311; First v. Hanna, 39 N. E. 1054.

Presumption  not  inconsistent  with the record is to be in-
dulged in in favor of its jurisdiction.   Appellegate  v. Leffing-
ton, 117 U. S. 269;  Suns  v. Gay, 109 Ind. 501;  Florentine v.
Barton, 2 Wall 216; Clary  v. Hoagland, 6 Cal. 685; Stoddard v.
Mattice, 10 S. D. 553.

Where a pleading states a cause of action and the party has
failed to ask specific relief, or has mistaken  the  specific relief·
to which he is entitled, he can have full  adequate  relief under
his general prayer.   Mutual v. Wyeth, 105  Ala. 639; People v.
Turner, 1 Cal. 152; Rollins v. Forbes, 10  Cal. 299;  Herring v.
Meley, 43 Iowa 157; Laverty  v. Sexton, 41  Iowa  435; McClun
v. McClun, 52 N. E. 828; Sloan v. Safe, 73 Md. 239; Thompson
v. Heywood, 129 Mass. 401; Landes v. Olds, 9 Minn. 90; Bark-

546 STEARNS *v.* WRIGHT *et al.*

well v. Swan, 69 Miss. 907; Muencks v. Bunch, 90 Mo. 500: Wood v. Brown, 34 N. Y. 346; Henson v. Decker, 29 How. 385; Grafton v. Remson, 16 How. 32; Riddle v. Roll. 24 Ohio St. 572; Ross v. Carroll, 33 S. C. 202; Garvin v. Hall, 83 Tex. 295; Silverberg v. Pearson, 75 Tex. 288.

As to matters contained in the original complaint. if not in all cases, the defendants to the original complaint when served with process thereon, as well as the plaintiff therein, must be regarded as in court, for all of the purposes of the action, whether the matter in controversy arises upon the original complaint or upon the answer or cross complaint. Bevier v. Kohn, 111 Ind. 200; Fentriss v. State, 44 Ind. 271; Pattison v. Vaughn, 40 Ind. 253; Brown v. Kuhn, 40 O. St. 468.

The foreclosure, sale and redemption effect an extinguishment of the mortgage, and there is no lien remaining on the property for the balance of the mortgage debt. Fields v. Danhower, 65 Ark. 393; Gratton v. Wiggins, 23 Cal. 31; Sampson v. Castle, 52 Cal. 644; Black v. Gerichten, 58 Cal. 56; Curtis v. Cutter, 76 Fed. 16; Anderson v. Anderson, 129 Ind. 573; Todd v. Davey, 60 Ia. 532; Escher v. Summons, 54 Ia. 269; Mc Kibben v. Arndt, 88 Ky. 180.

CORSON. J. This is an action for the foreclosure of a mortgage. Findings and judgment were rendered in favor of the defendants, and the plaintiff appeals. The facts, which are practically undisputed, may be briefly stated as follows: In December, 1889, the defendants Alpha H. Wright and wife executed to the German-American Loan & Trust Company a promissory note for $1,200, payable December 1, 1894, and secured the same by mortgage on land in Hutchinson county.

Shortly after the execution of the note and mortgage the trust company assigned the same to one Caldwell, and guarantied the payment of the principal and interest.    The annual interest was represented by five interest coupons attached to the note. Coupons numbered 4 and 5 were for $84 each, and were due respectively December 1, 1893, and December 1, 1894.    The defendants Wright and wife failing to pay these coupons, their amount was paid to Caldwell by the trust company.    After the maturity of the note, in June, 1895, Caldwell commenced an action to foreclose the mortgage, making Wright and wife and the trust company defendants.    In his complaint, Caldwell demanded judgment for the amount of the principal, interest on the same from the date of the commencement of the action, and attorney's fees.    The summons was served upon the defendants Wright and wife, but they did not appear in the action.    The trust company appeared and answered. setting up its ownership of the coupons numbered 4 and 5, and praying that it be decreed to be the owner and holder of the same, and that they be decreed to be secured by the mortgage, and that the amount due the trust company be decreed to be paid to it; that the company be decreed to be the equitable owner of the mortgage, so far as might be necessary to secure the payment of the said coupons, and that it be decreed to have a lien upon the mortgaged premises superior to any lien or interest of the defendants Wright therein; and that in case a decree should be entered for the foreclosure of the mortgage, and the mortgaged premises should sell for more than sufficient to pay the amount due the plaintiff in the foreclosure action, such surplus moneys be paid over to it in satisfaction of the amount due upon the coupons.    In the judgment rendered in that action was the fol-

lowing clause: "And it is ordered, adjudged, and decreed that the defendant German-American Loan & Trust Company have and recover from the defendants Anna P. Wright and Alpha H. Wright the sum of one hundred ninety-six dollars, and that it have and has an equitable interest in said mortgage on the land described therein, to secure the payment thereof, subject to the lien of the plaintiff for the satisfaction of its said judgment, and that any surplus of the proceeds of such sale after satisfying the plaintiff's said judgment and costs and expenses of sale shall be paid by the officer making said sale on said judgment of the defendant German-American Loan & Trust Company, so far as the same will apply in satisfaction thereof." Under the judgment and decree the property was sold for an amount only sufficient to pay the judgment of Caldwell, with the costs and expenses of the sale and the attorney's fees, leaving the amount adjudged to be due the trust company unpaid. Subsequent to the sale, Wright and wife redeemed the same by paying the amount bid thereon. In October, 1898, this action was commenced by the trust company to foreclose the mortgage for the amount claimed to be due it upon the two coupons numbered 4 and 5 above mentioned. To the complaint in this action the defendants Wright set up in bar thereto the proceedings and judgment in the former action, and the question now before us is, is the plaintiff estopped by that judgment from maintaing this action? It is contended by the appellant, the trust company, that it is not so estopped, for the reason that that judgment is void; the answer of the trust company in the former action not having been served upon the defendants Wright and wife. The contention of the respondents is that the record does not warrant the assertion on the part of the

appellant that the answer of the trust company in the former action was not served upon Wright and wife, as the record does not affirmatively show that it was not served, and there is no proof whatever or finding in the present action that the answer was not served, or service waived, or an appearance entered for either of the defendants. The respondents further contend that the former judgment, being rendered by a court of general jurisdiction, will be presumed to be valid, where it does not affirmatively appear that the court had no jurisdiction of the parties or subject-matter of the action. We are of the opinion that the contention of the respondents is correct. There does not appear to be anything in this record showing whether the answer of the trust company in the former action was or was not served upon the defendants Wright and wife. The record being silent upon that subject, the presumption that the judgment, so far as it affected Wright and wife, was a valid judgment, as between them and the plaintiff, the trust company, is conclusive. It must be borne in mind that this is not a direct attack upon the former judgment, but is a collateral attack. In Manufacturing Co. v. Mattice, 10 S. D. 253, 72 N. W. 891, this court, in speaking of such a judgment, uses the following language: "In any event, as against a collateral attack, every fact essential to the authority of a court of general jurisdiction to render such judgment is presumed, including the fact of service, within proper limits as to place." Matson v. Swenson, 5 S. D. 191, 58 N. W. 570; Black, Judgm. § 271; Freem. Judgm. (4th Ed.) § 132, and cases there cited. This rule seems to be supported by the great weight of authority, and it is only where the record affirmatively shows that process was not properly served that the validity of the judgment of a

court of general jurisdiction can be attacked collaterally. This being so, the former judgment in this case must be regarded as adjudicating the rights of the parties in regard to these two interest coupons; and the fact that the property did not sell for a sufficient sum over and above the amount due Caldwell to satisfy the claim of the trust company cannot affect the judgment, as a bar to this action between Wright and wife and the trust company. We are of the opinion, therefore, that the judgment of the court below, holding in effect that the proceedings and judgment in the former action constitute a bar to this action, is correct. This view renders the discussion of other questions presented in the briefs of counsel unnecessary, and the judgment of the court below and the order denying a new trial are affirmed.