## HATHAWAY *vs.* SCOTT and others.

Where the complainant assigns all his interest in the judgment, upon which a cred-
itor's, bill filed by him, is founded, to a third person, previous to the commencement
of the suit in chancery, the defendant must make the objection by plea or answer
to the bill; and he cannot afterwards apply to have the bill dismissed in case the
complainant shall, within a limited time, file a supplemental bill to bring the as-
signee before the court.

But where the suit is properly commenced by the complainant, as the owner of the
judgment, if he afterwards assigns his interest in such judgment, either wholly or
in part, the defendant may apply to the court to have the bill dismissed, unless the
assignee shall be brought before the court, by a supplemental bill in the nature
of a bill of revivor, within a specified time to be fixed by the court.

An affidavit, or petition, in the court of chancery, must be subscribed by the party
swearing to the same.

It is not necessary that an ordinary petition in a cause should be signed by counsel.
The signature of counsel is required only to petitions of appeal, or petitions for
rehearing.

THIS was a petition by E. C. Scott, one of the defendants, for
an order requiring the assignee of the judgment upon which the
complainant's bill was founded, to file a supplemental bill in the
nature of a bill of revivor, within such time as should be pre-
scribed by the court, or that the bill in this cause be dismis-
sed with costs. The petitioner stated that the complainant
had informed him that subsequent to the filing of the bill in
this cause, which was a judgment creditor's bill, he, the com-
plainant, had sold his interest in the judgment upon which this
suit is founded, to J. J. Monell, and that he had then no interest
in the suit; and that the complainant had told other persons that
he had sold the judgment to J. Gray. But the petitioner did
not state which of those declarations of the complainant was
true, or which he believed to be true. The petition was not
signed by the petitioner, though it purported to have been sworn
to before a proper officer, who certified that the same was thus
sworn.

*J. J. Monell,* for the complainant. The petition is not signed
by the petitioner nor by counsel. (*Rule* 18. 1 *Barb. Pr.* 580.)

Hathaway v. Scott.

The petitioner has recognized the proceedings in this cause since he became acquainted with the fact that the complainant had parted with his interest; and he cannot now object that the assignee is not a party. (7 *Paige*, 292.) The petitioner assigns no reason affecting the merits for wishing the assignee of the judgment to be made a party. The case in 7 *Paige*, 290, does not decide the point at issue here—this being a voluntary assignment.

*W. L. F. Warren*, for the petitioner. The complainant has assigned his interest in the judgment, to recover which the suit is brought, and proceedings must be stayed until the assignee is made a party. (7 *Paige*, 287. 9 *Wend.* 649.) The jurat shows that the omission to have the petition signed by the petitioner, and by counsel, was an accidental omission. The petitioner swore that he had read the petition and knew its contents. It has been decided that an affidavit commencing with the deponent's name, but not signed, is good. (3 *Caines' Rep.* 190.) Even the signature to an answer is sometimes waived. (6 *Ves.* 285, 171. 2 *John. Ch.* 240.) But if this objection is good, the court ought to give time to amend, and without costs, as the omission objected to is a mere accident. As to want of signature by counsel, we suppose that an ordinary petition does not require the signature of counsel. In absence of proof, it may be presumed that the solicitor, who does sign it, is also a counsellor. The counsel who now moves may sign the petition as counsel.

THE CHANCELLOR. The petitioner has entirely mistaken his remedy in this case, if he is right in supposing that there has been such an assignment of the judgment, upon which this suit is founded, as to make it proper to prosecute the suit in the name of the assignee. For it appears that the interest of Gray in the judgment, whatever it was, had been acquired before the commencement of this suit, against the petitioner, by the service of a subpœna upon him. The petitioner should therefore have raised the objection, that Gray was a necessary party, either by plea or answer. It is only when the suit has been properly commenced against the defendant, and the complainant afterwards parts with his in-

Hathaway v. Scott.

terest, either wholly or in part, that the defendant has the right to apply to the court to dismiss the bill unless the assignee is brought before the court, by a supplemental bill in the nature of a bill of revivor, within a specified time, to be fixed by the court.

The affidavits on the part of the complainant also show, that the objection that the complainant has parted with his interest in the subject matter of the suit, is merely technical. For by the terms of the agreement between the complainant and Gray, the suit was to be prosecuted in the name of the former. A decree in the name of the present complainant, or in favor of this petitioner, against such complainant, would therefore afford to the petitioner a complete defence in any subsequent suit prosecuted in the name of Gray for the same matter. And if the petitioner has neglected to avail himself of this technical objection to the form of the suit, or to its proceeding in the name of the present complainant, at the proper time,· or in the manner in which such an objection should have been raised, the court ought not now to interfere for the mere purpose of subjecting the adverse party to the delay and expense of filing a supplemental bill to revive or continue the proceedings in the name of Gray. The case might be different if the complainant was proceeding in the suit for his own benefit, after he had parted with the whole or a part of his interest therein to a stranger, and where the assignee did not consent to be bound by the proceedings.

The objection that the petition is not signed by counsel does not appear to be valid. There is no rule of this court, nor of the court from which its general practice is derived, which requires the signature of counsel to a petition, in a cause, except in the case of petitions for rehearing, or petitions of appeal. By one of Lord Coventry's orders, a six clerk or his deputy was to approve and subscribe petitions to be presented in a cause, except such petitions as were advised and signed by counsel. (*Beames' Orders*, 84.) We have, however, no such officer as a six clerk, and that order is of course not applicable to this court. And Daniel says petitions, except they be for a rehearing or appeal, are not signed by counsel, nor need they be prepared by counsel. (3 *Dan. Ch. Pr.* 266.) But the objection that the petition is not

Hathaway v. Scott.

signed by the party who swore to it, is well taken. To identify the individual making the oath, he is required to sign the paper to which he swears, so as to facilitate a prosecution for perjury if the oath is false. And bills, answers, petitions and affidavits in this court must be subscribed by the party who verifies them. Where the verification of a bill or petition is in the form of an affidavit, the name of the deponent must be subscribed at the foot of the affidavit. But where the verification is in the form of a certificate of the officer who administered the oath, that the deponent swore to the truth of the bill or petition, the name of such deponent should be subscribed to the bill or petition. For without such signature it would be very difficult, if not impossible, to sustain a prosecution for perjury; especially where no persons other than the deponent and the officer administering the oath were present when the former was sworn.

I am aware that the supreme court long since decided that it was sufficient, in that court, if the name of the deponent was inserted in the commencement of the affidavit. (3 *Caines' Rep.* 190. 3 *John. Rep.* 540.) That might perhaps answer the purposes of identifying the deponent and the instrument, if the whole affidavit was in the deponent's hand-writing. But those decisions, even if they are considered good law in the supreme court, at this time are not so here. For the practice of the court of chancery, in requiring the deponent's signature, was founded upon a positive rule, made as early as 1661, and which has been followed ever since. By one of Lord Clarendon's orders, the deponent was required to subscribe his name, or mark, to the affidavit before it was certified by the master. (*Beames' Orders*, 210. 2 *Har. Pr.* 2. *Wyatt's Pr. Reg.* 8. 1 *Grant's Pr.* 240. 1 *Newl. Pr.* 237.)

The application in this case being defective both in form and substance, must be denied with costs. And as the defence itself is merely technical, and the defendant has suffered the bill to be taken as confessed after he had full knowledge of the facts as to the alleged assignment, there are no grounds for allowing him to raise the objection in any form, upon new or amended papers.