## WRIGHT VS. FALLON.

APPEAL FROM JUSTICE'S COURT.    *Unsigned affidavit for appeal confers no jurisdiction.*

1. The circuit court cannot take jurisdiction of an appeal from a justice's court without the statutory affidavit, made by the appellant or his agent (R. S., sec. 3754); and a substantial defect in the affidavit cannot, therefore, be waived or amended in that court.
2. The signature of the affiant is essential to an affidavit. Whether his name *written by himself* in the body of the affidavit is sufficient, *quære.*
3. A paper in the form of the statutory affidavit, purporting to be made by the appellant, was returned by the justice with his certificate that it was subscribed and sworn before him. It was not subscribed, and there is nothing in the record to show that the appellant's name in the body of it was in his own handwriting; but he appears to have signed the notice of appeal and the undertaking, on the same sheet with the affidavit. *Held,* that the affidavit was insufficient.

APPEAL from the Circuit Court for *Waukesha* County.

This action having been commenced in a justice's court, and a judgment having been there rendered against the defendant, a notice of appeal was filed and served in his behalf, and the justice made a return to the circuit court as upon an appeal. After the cause had been called in that court, and a jury impaneled, plaintiff moved to dismiss the appeal upon the ground that the affidavit on appeal was not signed by the defendant. Defendant's counsel thereupon proposed that defendant, who was then in court, should be permitted to sign the affidavit, *nunc pro tunc.* The court held that no such amendment could then be made, and made an order dismissing the appeal. Defendant appealed from the order.

The cause was submitted for the appellant on the brief of *Cook & Carney* and *J. V. V. Platto.* They contended, 1. That defendant should have been permitted to sign the affidavit on the trial. The proposed amendment did not involve

the body and substance of the affidavit, but was matter of mere form; and *Chinnock v. Stevens*, 23 Wis., 396, does not apply. *Lederer v. Railway Co.*, 38 Wis., 244; *Re Howard*, 9 Eng. Rep., 436; *Lawton v. Kiel*, 51 Barb., 30; *Bunce v. Reed*, 16 id., 348; *Dexter v. Hoover*, 2 Cow., 526; *Cutler v. Rathbone*, 1 Hill, 204; *Goodall v. Demarest*, 2 Hilt., 534; *Laimbeer v. Allen*, 2 Sandf. S. C., 648. 2. That where the *jurat* is subscribed by the officer who administered the oath, especially where the affidavit begins with the name of the party making it, such affidavit has uniformly been held good. *Haff v. Spicer*, C. & C. Cas., 495; *Haff v. Spicer*, 3 Caines, 190; *Millius v. Shafer*, 3 Denio, 60; *Jackson v. Virgil*, 3 Johns., 540; *Soule v. Chase*, 1 Rob., 222, 234; *Hitsman v. Garrard*, 16 N. J. Law, 124; *Shelton v. Berry*, 19 Tex., 154; *Clarke v. Sawyer*, 3 Sandf. Ch., 352; *People ex rel. Kenyon v. Sutherland*, 16 Hun, 192, 195; and cases above cited. 3. That the objection to the affidavit was waived by plaintiff's subsequent proceedings in the action. *Bell v. Olmstead*, 18 Wis., 69; *Aetna L. Ins. Co. v. McCormick*, 20 id., 265; *Barnum v. Fitzpatrick*, 11 id., 81; *Tallman v. McCarty*, id., 401; *Upp. Miss. Transp. Co. v. Whittaker*, 16 id., 220; *Keeler v. Keeler*, 24 id., 522; *Blackwood v. Jones*, 27 id., 498; *Anderson v. Coburn*, id., 558, 564; *Grantier v. Rosecrance*, id., 488; *Baizer v. Lasch*, 28 id., 268, 271; *Ins. Co. v. Sanford*, id., 257, 263–4; *Northrup v. Shephard*, 26 id., 220.

For the respondent, there was a brief by *Sumner & Street*, and oral argument by *Mr. Street*. They cited the following authorities: 1 Whitt. Pr., 338; 1 Abb. Pr., 5, note m; 2 Barb. Ch. Pr., 604; *Mosher v. Heydrick*, 30 How. Pr., 169; *Hathaway v. Scott*, 11 Paige, 173; *Miller v. Munson*, 34 Wis., 579; *Chinnock v. Stevens*, 23 id., 396; *Wearne v. Smith*, 32 id., 414.

RYAN, C. J. The circuit court could not take jurisdiction of the appeal without the statutory affidavit. A substantial

defect in the affidavit could, therefore, be neither amended nor waived in that court; and the only question here is, whether the proper affidavit was returned by the justice of the peace.

The affidavit may be made by the appellant or by his agent. R. S., sec. 3754. The justice returned a paper in the form of the statutory affidavit, purporting to be made by the appellant, certified by the justice to have been subscribed and sworn before him. The paper is not signed by the appellant or by any one for him. The justice's *jurat* is, therefore, on its face, partially untrue and wholly unreliable. It would be unsafe to hold, on the évidence of the paper alone, that any one made oath to it, or, if any one, who.

It is true that, on the same sheet of paper, the appellant appears to have personally signed the notice of appeal and the undertaking. That may imply his intention to sign and make the affidavit, but not that he did so. The justice certifies equally to the oath and to the signature, and was just as likely to dispense with the one as with the other. Upon an indictment for perjury, the paper would not be evidence that an oath had been administered. Neither is it here. *Re Eady*, 6 Dowling, 615.

There are some cases in New York and elsewhere which hold the deponent's signature to an affidavit unnecessary. *Haff v. Spicer*, 3 Caines, 190; *Jackson v. Virgil*, 3 Johns., 540; *Millius v. Shafer*, 3 Denio, 60; *Soule v. Chase*, 1 Robertson, 222; *Hitsman v. Garrard*, 1 Harrison, 124. But such a rule is essentially dangerous, tending to encourage not carelessness only but fraud; and even in New York the better rule appears to be that the signature is essential. *Hathaway v. Scott*, 11 Paige, 173; *Laimbeer v. Allen*, 2 Sandford S. C., 648.

The question does not arise here, whether the deponent's name, written by himself in the body of an affidavit, is a sufficient signature; for there is nothing in the record tending to show that the appellant's name in the body of the paper purporting to be his affidavit, is in his own handwriting.

*By the Court.* — The judgment of the court below is affirmed.[1]

The cause was submitted for the appellant on the brief of *J. V. V. Platto.*

---

[1] *Lederer v. C., M. & St. Paul Railway Co.* [38 Wis., 244], was overlooked in writing this opinion. If there be a conflict between the cases, which may be a question, this must be taken to overrule that.