SCHUSTER and another vs. HAIGHT, imp.

*October 20 — November 3, 1881.*

AFFIDAVIT *on appeal, in justice's court.*

An affidavit for an appeal from a justice's court is insufficient unless signed by the affiant *at the foot* thereof, although he may have written his own name in the body of the affidavit.   And the circuit court has no power to authorize an amendment of such affidavit by adding the affiant's signature. *Lederer v. C., M. & St. P. Railway Co.,* 38 Wis., 244, distinguished.

APPEAL from the County Court of *Winnebago* County. This appeal was taken by the plaintiffs from an order of the county court refusing to dismiss an appeal taken in the cause to that court by the defendant *Haight*, from a judgment in justice's court in favor of the plaintiffs.

For the appellants there was a brief by *John W. Hume*, and oral argument by *Gabe Bouck.*

*A. Haight*, respondent, in person.

CASSODAY, J.   The statutes require the party appealing from a judgment in justice's court to present to the justice "an affidavit that the appeal is made in good faith, and not for the purpose of delay." Section 3754, R. S.; section 205, ch. 120, R. S. 1858.   Here the paper claimed to be such affidavit purported to be made by *Augustus Haight*, and the justice to whom it was presented certified that it was "subscribed and sworn to before" him, but it was not signed by *Mr. Haight* nor any one.   In *Wright v. Fallon*, 47 Wis., 488, it was held that such signature is essential. It is there said: "The paper is not signed by the appellant or by any one for him. The justice's *jurat* is therefore, on its face, partially untrue and wholly unreliable.   It would be unsafe to hold, on the evidence of the paper alone, that any one made oath to it, or, if any one, who." The plaintiffs moved the county court to dismiss the appeal on

account of such defect. In resisting the motion, *Mr. Haight* presented to that court his affidavit and others, stating in effect that the words "*A. Haight*" in the body of such defective affidavit, were in his own handwriting and were his own signature, written by himself, and that he was duly sworn by the justice as certified; and the county court thereupon denied the motion, and from the order entered thereon this appeal is brought. Did the fact that "*A. Haight*" so wrote his name in the body of the affidavit obviate the necessity of his signing the same at the foot? As an original question the writer of this would be inclined to hold that it did. Certainly there are authorities going to that extent. Several of them were considered by this court in *Wright v. Fallon, supra*, and disapproved, but that decision must be adhered to.

In *Lederer v. Railway Co.*, 38 Wis., 244, the officer inadvertently omitted to sign the jurat, and it was held that such defect was amendable; but the court there distinguished that case from those in which an "amendment to the body of the affidavit was necessary in order to meet the demands of the statute." It was there conceded "that, as an appeal is given by statute, the law must be strictly complied with, or no appeal is taken;" but it was maintained that in that "case the requirements of the statute were complied with." From a note by the late chief justice to *Wright v. Fallon, supra*, it might be inferred that *Lederer v. Railway Co., supra*, was overruled; but the other members of the court who participated in that decision had no such intention, although they are not disposed to extend the rule there adopted so far as to obviate defects of a substantial nature in the body of the affidavit. See *Ruthe v. Railroad Co.*, 37 Wis., 344; *Knight v. Elliott*, 22 Minn., 551.

*By the Court.*— The order of the county court is reversed, and the cause is remanded with directions to dismiss the appeal.