JANUARY TERM, 1883. 655

The State ex rel. Hoffmann vs. Day, Guardian, etc.

THE STATE ex rel. HOFFMANN vs. DAY, Guardian, etc.

*April 12 — May 31, 1883.*

*Verification of petition for guardianship — Presumption as to date of official signature.*

A petition for the appointment of a guardian, under sec. 3976, R. S., dated December 20, 1880, and duly signed by the petitioner, had attached thereto a certificate (without signature of the petitioner or date) in the following form: "*State of Wisconsin, Milwaukee Co.— ss.* N. H. [the petitioner], being first duly sworn, deposes and says that he has read the foregoing petition by him subscribed, and knows the contents thereof; that the same is true to his own knowledge except as to matters therein stated upon information and belief, and as to those matters he believes it to be true. J. M. P., Notary Public, Milwaukee Co., Wis." The order for hearing, also dated December 20, recited that it was made upon the verified petition of N. H. *Held:*

(1) It will be presumed that the official signature to the certificate was affixed on December 20.

(2) Construing together the date and signature of the petition, the oath of the petitioner, and the signature and recitals of the certificate, the petition was properly verified, and conferred jurisdiction of the matter upon the county court. *Appeal of Royston,* 53 Wis., 612; *Wright v. Fallon,* 47 id., 488; and *Schuster v. Haight,* 53 id., 290, distinguished.

APPEAL from the Circuit Court for *Milwaukee* County. The case is thus stated by Mr. Justice CASSODAY:

"Application was made to the county court of Milwaukee county, upon the petition of Nicholas Hoffmann, reciting, in effect, that he was the uncle of *Jacob Hoffmann* and that a guardian ought to be appointed for the latter on the ground that he was about to become possessed of over $10,000, and was mentally incompetent to have the charge and management of his property, or comprehend the meaning of money or property, or able to take care of the same. The petition bore date December 20, 1880, and was signed by the said Nicholas Hoffmann, and verified in these words:

" ' STATE OF WISCONSIN, } ss.
    " ' *Milwaukee County.* }

" ' Nicholas Hoffmann, being first duly sworn, deposes and says that he has read the foregoing petition by him subscribed, and knows the contents thereof; that the same is true to his own knowledge except as to matters therein stated upon information and belief, and as to those matters he believes it to be true.

" ' JAS. M. PERELES,

" ' Notary Public, Milwaukee Co., Wis.'

" On the 20th day of December, 1880, the county court fixed the hearing for the first Tuesday of February, 1881, and ordered the application to be served upon *Jacob* as required, and that he be produced upon the hearing. The order recited that the same was made on reading and filing the verified petition of Nicholas Hoffmann, of the city of Milwaukee; and all of the directions in said order contained were complied with. A demurrer for insufficiency and want of jurisdiction having been overruled, *Jacob* put in a verified answer, denying the alleged incompetency, etc.

" Upon the hearing of the evidence upon the issue made by the answer, the county court found *Jacob* incapable of taking care of himself and managing his property, and that a guardian ought to be appointed of his person and estate, with the powers and duties specified by law; and in pursuance of such finding it was thereupon, June 11, 1881, ordered by said county court that the appellant, *Frederick T. Day*, be appointed such guardian until discharged according to law, and he was thereby ordered to take the requisite oath, perform the requisite duties, and give the requisite bond; which bond, in the sum of $28,000, was filed on that day, and letters of guardianship granted.

On September 9, 1881, *Jacob*, on petition verified by his oath, accompanied by several affidavits, applied for a *supersedeas* of the guardianship and a removal of the guardian,

JANUARY TERM, 1883. 657

The State ex rel. Hoffmann vs. Day, Guardian, etc.

whereupon the requisite order was made, fixing the time of hearing October 4, 1881, and upon such hearing it was found by the said county court that said *Jacob* had not become capable of conducting his affairs and of having charge of his property, and hence that the prayer of the petitioner should be denied and the proceeding to supersede dismissed. On January 17, 1882, the guardian filed an inventory showing in his hands $15,063.50. On November 4, 1882, a writ of *certiorari* was issued by the circuit court to the judge of the county court, commanding him to send up the records of the proceedings and all matters touching the same, the application for such writ being based upon the requisite affidavit of *Jacob*, showing the foregoing facts. On November 15, 1882, the county judge made return to the writ as required. A hearing having been had upon the return, and it appearing to the circuit court upon such hearing that the order of the county court in probate made June 11, 1881, adjudging said *Jacob* incompetent, and appointing said *Frederick T. Day* guardian of his person and estate, was manifestly erroneous and void in law, it was, therefore, on the 8th of December, 1882, considered, adjudged, and determined by the said circuit court that said order of June 11, 1881, be and the same was thereby reversed, annulled, and altogether held for naught, and adjudged to be absolutely void and of no effect. From the last-named order said guardian brings this appeal to this court."

For the appellant there was a brief by *Markham & Noyes,* and oral argument by *Mr. Noyes.* They argued, among other things, that the petition may be defective as one verified by affidavit, yet, the oath and affidavit being separate and distinct things, the latter including the former, it may be good as one verified on oath. *Burns v. Doyle,* 28 Wis., 460; *Ball v. Bowe,* 49 id., 495; *Reed v. Catlin,* id., 686; *Laswell v. Presbyterian Church,* 46 Mo., 279–282. " Where an affidavit is not by statute or some rule of court required to

be subscribed, it is sufficient without being subscribed." *Turpin v. Eagle Creek Road Co.*, 48 Ind., 45; *Coppock v. Smith*, 54 Miss., 640; *Ellsworth v. Hall*, 48 Mich., 407. And see *Hathaway v. Scott*, 11 Paige, 173; *People ex rel. v. Sutherland*, 81 N. Y., 1. The recital of the court in its order that it had read and filed the petition as verified, was placing upon the records the fact, and the evidence also, that such petition was duly verified to the knowledge and satisfaction of the court. If " the satisfaction of the officer is an indispensable prerequisite, and that can regularly appear in no other way than by his own indorsement of the fact" (*Morrison v. Fake*, 1 Pin., 135), and if such " indorsement of the fact of satisfaction was what gave validity to the writ [petition], and not the mere existence of the fact that he was so satisfied " (*Appeal of Royston*, 53 Wis., 622), then it is apparent that the court in the case at bar did indorse its satisfaction of the existence of the fact of a verified petition having been presented when it put upon the records the recitals in the order for the hearing. The question here is whether the petitioner *was*, as a matter of *fact*, duly sworn or not. *State v. Green*, 3 Green, 84–90. There is nothing on the face of the papers to indicate that the petition was not sworn to. On the contrary, there is the statement of the notary that the petitioner was duly sworn to the truth of the petition, and the statement of the court that it had read and filed the petition as verified. A mere technical defect in the form of the officer's certificate would be disregarded. It is enough if it substantially appear on the records that the court acted on a petition verified by the oath of the petitioner. *Randall v. Baker*, 20 N. H., 335; *Sargent v. Townsend*, 2 Disney, 472; *Kleber v. Block*, 17 Ind., 294. And it will be presumed that the court did not proceed contrary to law by receiving and filing a petition not properly verified. The presumption is that the rule (County Court Rules, II, sec. 2) was complied with. Such rule gives the court the authority to determine the

sufficiency, as well as the fact of a verified petition being presented, and its decision thereon by the recital in the order is *prima facie* at least valid, and as to jurisdiction conclusive. *State ex rel. v. Gary*, 33 Wis., 93; *Howe v. McGivern*, 25 id., 525; Gary's Probate Law, secs. 33 *et seq.*

For the respondent there was a brief by *Van Wyck & Weil*, as attorneys, and *Frisby & Turner*, of counsel, and oral argument by *Mr. Frisby*. They contended, *inter alia*, that the proceeding being purely statutory, "the requirements of the statute must appear to have been strictly complied with, upon the face of the .proceedings, and no inferences are indulged in support of the proceedings." The original petition having been included in the return by the county judge, no recital in the record that it was verified could be conclusive of that fact. *Pollard v. Wegener*, 13 Wis., 569, 575. The word "verified," as used in sec. 3976, R. S., has the same meaning as when used in the statute (sec. 2666) in reference to the verification of pleadings. The attempted affidavit to the petition is insufficient. An affidavit must contain a venue *(Cook v. Staats*, 18 Barb., 407); must show *when* the oath was administered, and so state in the jurat *(Doe v. Roe*, 1 Chit., 228; *In re Lloyd*, 1 Lowndes, M. & P.,.545; *Brunswick v. Harmer*, id., 505; *Wood v. Stephens*, 3 Moore, 236; 15 Q. B., 682; 14 Jur., 621; 4 id., 620); must show before whom and by whom the oath was administered *(Appeal of Royston*, 53 Wis., 612; *Smart v. Howe*, 3 Mich., 590; *McDermaid v. Russell*, 41 Ill., 489); must show that it was made before a proper officer, and in compliance with all legal requirements *(State v. Green*, 15 N. J. Law, 88; *Ladow v. Groom*, 1 Denio, 429; *Lane v. Morse*, 6 How. Pr., 394; *Young v. Young*, 18 Minn., 90); must contain the words "before me" in the jurat *(Graham v. Ingleby*, 1 Exch., 651; *Regina v. Norbury*, 2 New Sess. Cases, 344; 5 Dowl. & L., 737; 15 L. J. Q. B., 264); and must be subscribed by the affiant *(Re Eady*, 6 Dowl., 615; *Hathaway v. Scott*, 11 Paige, 173; *Luim-*

*beer v. Allen*, 2 Sandf. S. C., 648; *Wright v. Fallon*, 47 Wis.,. 488; *Schuster v. Haight*, 53 id., 290).

CASSODAY, J.   It is conceded, in effect, that the facts stated in the petition presented to the county court, and upon which that court appointed the guardian on June 11, 1881, were sufficient, had the petition been verified, to have given the court jurisdiction.   The contention is that the verification was not sufficient within the meaning of sec. 3976, R. S., as construed by this court on the *Appeal of Royston*, 53 Wis., 612.   In that case no name or official signature was affixed to the jurat until long after the appointment, and it was held by this court that such appointment could only be made upon verified petition stating the requisite facts, and that until the presentation of such a petition there was no juris-. diction in the court to make the appointment.   Here the official signature was affixed.   True, it bears no date, but the petition is dated December 20, 1880, and the order of the county court made on that day recites that it was made upon reading and filing the verified petition of Nicholas Hoffmann. Therefore, it does appear, presumptively at least, that the official signature was so affixed on that day.   There was no such recital nor signature in the *Royston Case*, and hence the two cases are clearly distinguishable.

In *Wright v. Fallon*, 47 Wis., 488, and *Schuster v. Haight*, 53 Wis., 290, the person purporting to make the affidavit did not subscribe the same, nor did the certificate refer to the subscription to any petition or paper, as here, authenticating the same, and hence in each such omission was held to be fatal.   But here the statute does not require any affidavit to be made, but does require a verified petition to be presented. Hence those cases seem to be distinguishable.   Here the petition was duly subscribed by Nicholas Hoffmann, and purported to be made by a relative, and stated the requisite facts.   Nothing remained, therefore, to give the court juris-

diction but the verification of the petition.   Was it verified?
The section in question does not say verified by affidavit, nor
in any particular mode or form, as in the case of pleadings.
It simply requires the petition to be verified.   By this we
understand the petition must be proved or confirmed by the
oath of the petitioner.   The facts stated in the petition are
to be established, *prima facie*, by such oath.   We think it
here appears that the petition in question was so proved, con-
firmed, and established before it was presented to the county
court.   It was dated and signed by the petitioner, who there-
upon, and after being first duly sworn by the notary, de-
posed and said that he had read the foregoing petition *by him
subscribed*, and knew the contents thereof, and that the same
was true to his own knowledge, except as to the matters therein
stated upon information and belief, and as to those matters
he believed it to be true; and this certificate, with the proper
venue, was certified to by the officer before whom it was
taken, and such certificate does recite that the petition was
subscribed by the petitioner.   The date, subscription, official
signature, recitals, and oath must be taken together, and
when so taken they are, in effect, equivalent to the oath ac-
companying bills and answers in chancery under the old
practice, or as now followed in the United States circuit
court.   It will hardly be claimed that such bills and answers,
with such oath attached, were not verified.   The view we
have taken of the case seems to render it unnecessary to con-
sider the other questions discussed by counsel.

   *By the Court.*— The order of the circuit court is reversed,
and the cause is remanded with direction to affirm the order
of the county court.