COGLAN *v.* COGLAN *et al.*

(In Banc. May 22, 1944.)

[18 So. (2d) 149. No. 35606.]

Homer Currie, of Rawleigh, for appellant.

W. T. Weir, of Philadelphia, for appellees.

**Griffith, J.**, delivered the opinion of the court.

On September 1, 1942, in a habeas corpus proceeding in the circuit court of Neshoba County to determine the custody of Ramona and June Coglan, minors, residents of the county, in which proceeding the mother was a party, the court entered a judgment awarding the custody to Lester H. Coglan, an uncle of the children, with right of visitation to the mother. On October 22, 1942, the chancery court of Neshoba County appointed Lester H. Coglan as guardian of the persons and estates of said minors. Thereafter and on December 22, 1943, Ruth Coglan, the mother, filed her petition in habeas corpus in the circuit court, praying that she be awarded complete custody. The circuit court dismissed the petition for want of jurisdiction, and petitioner appeals.

Under Section 159, Constitution 1890, the chancery court has full jurisdiction in the matter of the appointment and removal of guardians, and when that court has appointed a guardian by a decree such as here made, the minor becomes the ward of the court and thereafter no other tribunal has any original jurisdiction to interfere with the custody covered by the decree.

Nothing is averred and nothing is shown which would reveal any invalidity in the decree of the chancery court appointing the guardian of the persons of the minors, and

certainly nothing has been averred or shown which would render that decree void. Under certain circumstances a guardian of the person of a minor may be appointed even when the minor has a living parent. The chancery court in exercising its jurisdiction over guardianships and minors and their business has general and constitutonal jurisdiction, and all facts necessary to sustain jurisdiction or decrees of the chancery court are presumed to exist until the contrary appears in the record. In re Heard's Guardianship, 174 Miss. 37, 41, 163 So. 685.

Whether the chancery court should have made the decree appointing the guardian, or whether there has been such a change of circumstances since that time as to justify the removal of the guardian and the present award of the custody to the mother, have now become issues to be first presented to the chancery court, and to no other tribunal. The circuit court was correct in declining jurisdiction,—clearly it had none.

Affirmed.