Curtis MAJORS, Guardian and Conservator for Curtis Elbert Deason, Ward, Plaintiff,

v.

PURNELL'S PRIDE, INC., Defendant.

No. EC 73-35.

United States District Court, N. D. Mississippi, E. D.

June 1, 1973.

William S. Lawson, Tupelo, Miss., for plaintiff.

Wade H. LaGrone, Mitchell, McNutt & Bush, Tupelo, Miss., for defendant.

MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court on defendant's motion to dismiss for lack of diversity jurisdiction. The motion has been submitted on the record, affidavits and depositions on file with the clerk and briefs of counsel. Oral argument has been waived by the parties.

There is little, if any, dispute as to the underlying facts involved in the motion. At the time of the injury which forms the basis for this action,[1] Curtis Elbert Deason (Deason) was an adult, resident and citizen of Lee County, Mississippi. As the result of the injuries suffered by him, Deason has been rendered incompetent to handle his business affairs. Plaintiff, a first cousin of Deason's wife, and a citizen of Alabama, agreed to serve as conservator of Deason's estate. Accordingly, upon proper application, the Chancery Court of Lee County appointed plaintiff as such conservator, pursuant to Miss.Code Ann., § 434–01 (1972 Cum.Supp.)[2] Plaintiff has qualified and is now acting as the conservator of Deason's estate.

Defendant challenges the validity of plaintiff's appointment as conservator of Deason's estate on the ground that Deason resided in Itawamba County at the time the appointment was made and that only the Chancery Court of Itawamba County had the authority under Section 434–01 to make the appointment. This constitutes a collateral attack upon the validity of the decree of appointment rendered by the Chancery Court of Lee County.

■ It is well settled in Mississippi that the Chancery Courts of the state in exercising jurisdiction over guardianships of minors and incompetents and their business have general and constitutional jurisdiction, and all facts necessary to sustain the jurisdiction or decrees of such courts are presumed to exist until the contrary appears in the record. Miss.Const.1890, § 159; Coglan v. Coglan, 196 Miss. 492, 18 So.2d 149 (1944). Equally as well settled by Mississippi law is that a domicile, once established, continues until removal to another locality with intent to remain there and there has been an abandonment of the old domicile without intent to return, Hubbard v. McKey, 193 So.2d 129, 132 (Miss.1966). Also, Mississippi recognizes the rule that before a domicile of choice can be established, it must be shown by the evidence that there was an intent to abandon the domicile of origin, Johnson v. Johnson, 191 So.2d 840, 842 (Miss.1966). See also, Stubbs v. Stubbs, 211 So.2d 821 (Miss.1968).

The depositions and affidavits submitted to the court do not show that Deason voluntarily abandoned his Lee County domicile and established a residence, as such is recognized by law, in Itawamba County.

The court is of the opinion and so finds that the evidence establishes the fact that plaintiff is the duly and legally appointed and acting conservator of Deason's estate and is authorized to bring and prosecute the action sub judice in the interest of his ward.

The defendant contends that the appointment of plaintiff, a citizen of Alabama, was made, primarily, if not solely, for the purpose of invoking the diversity jurisdiction of the court. Defendant cites and relies upon 28 U.S.C.A. § 1359, which provides, "A district court shall not have jurisdiction of a civil action in which any party, by assignment or other-

---

1. Curtis Elbert Deason was severely and critically injured on or about October 23, 1972, when the automobile in which he was riding collided with a truck owned and operated by the defendant, Purnell's Pride, Inc. (Purnell), a Mississippi corporation. Deason was carried to a Tupelo, Mississippi hospital, where he was confined until November 27, 1972. Upon his discharge from the hospital, Deason was carried to the home of his wife's parents in Itawamba County, Mississippi, where he has since been under the care of his wife and her parents. Deason's wife is a minor, sixteen years of age.

2. Miss.Code Ann., § 434–01 (1972 Cum. Supp.) provides in pertinent part as follows:

> If a person by reason of advanced age, physical incapacity or mental weakness is incapable of managing his own estate, the chancery court of the county wherein such person resides may, upon the petition of such person or of one or more of his friends or relatives, appoint a conservator to have charge and management of the property of such person.

wise, has been improperly or collusively made or joined to invoke the jurisdiction of such court"; McSparran v. Weist, 402 F.2d 867 (3rd Cir. 1968) [where the court held that an out-of-state guardian was appointed solely to create diversity jurisdiction and that such action offended Section 1359]; and Bass v. Texas Power & Light Company, 432 F.2d 763 (5th Cir. 1970) [a case where it was conceded that the out-of-state administrator had been appointed solely for the purpose of creating diversity of citizenship for federal jurisdiction].

The Fifth Circuit held in White v. Lee Marine Corporation, 434 F.2d 1096, 1098 (1970), "The question of whether a device is so lacking in substance as to be improper and collusive under Section 1359 is a question of fact".

■ Generally it has been the rule in this district, approved by the Fifth Circuit, that the citizenship of the fiduciary rather than that of the beneficiary or beneficiaries is controlling on the question of diversity, Allen v. Baker, 327 F.Supp. 706 (N.D.Miss.1968); State of Miss. for the use of Derrow v. Durham, 444 F.2d 152 (footnote 2, page 153) (5th Cir. 1971); Bush v. Carpenter Bros., Inc., 447 F.2d 707 (5th Cir. 1971).

■ Defendant argues that the appointment of plaintiff as conservator of Deason's estate was improper and done for the purpose of creating diversity jurisdiction in this action. From this argument defendant concludes that such procedure offends Section 1359. As stated in *White*, the contention presents a question of fact to be determined by the court from the evidence in the case.

Deason's wife, regardless of her minority, had the right to select a conservator of her husband's estate and for the purpose of pursuing Deason's claim for damages against defendant.

If the circumstances surrounding the selection are such as to offend Section 1359, the citizenship of plaintiff should be disregarded in determining whether the court has diversity jurisdiction. The conduct of the parties must have been such, however, as will justify the court in holding that the appointment was improperly or collusively made for the purpose of conferring jurisdiction on the court.

The record does not contain any affirmative evidence that the appointment was arranged solely for the purpose of conferring diversity jurisdiction. If such purpose existed, it can only be inferred from the proven facts.

The record reflects that Deason and his wife moved into the home of his parents in Lee County, Mississippi about two or three months before the collision in which Deason was injured. Prior to this, Deason and his wife lived in a home of their own in a different neighborhood in Lee County. They intended to buy a trailer or another home when they had accumulated sufficient money to furnish such a purchase.

The accident occurred on the night of October 23, 1972. Deason was carried to the hospital and placed in the intensive care unit, where he remained for several days. Later he was transferred to a private room. At this time, without the knowledge or consent of Deason's wife, Deason's father employed an attorney to handle Deason's claim against Purnell. The attorney came to the hospital for the purpose of taking pictures of Deason and otherwise acquainting himself with the facts involved in the case. Deason's wife resented this action by Deason's father. She hoped that a settlement of the claim might be effected without the services of an attorney. Deason's wife would not give her consent for the attorney to handle the case. Some time later the father requested the attorney to drop the matter, and he consented to do so.

Deason was discharged from the hospital after more than a month of confinement. Deason and his wife did not have funds with which to pay the hospital bill, and Purnell, after being requested to do so, refused to pay the same. Deason's wife carried her husband to the

home of her parents, and proceeded to employ attorneys of her own selection to handle the legal proceedings involved in the prosecution of her husband's claim for damages.

Acting upon her attorney's advice, Deason's wife secured the appointment of her first cousin, the plaintiff herein, to serve as conservator of Deason's estate under the supervision of the Chancery Court of Lee County, Mississippi. The only current asset of Deason's estate is the claim for damages, as asserted in the action sub judice against Purnell. Should plaintiff be successful, the responsibility of administering the funds will rest with him.

Mrs. Deason did not elect to select either of her husband's parents, or any of his kindred, to act as the conservator. There existed some disagreement and animosity between Mrs. Deason and her husband's family, which created suspicion and distrust on the part of Mrs. Deason. Whether such feelings were justified is not important to the court's decision. It is, however, important that Mrs. Deason had an honest conviction in the matter. Mrs. Deason requested her father and mother to serve, but they refused because they did not want to become involved in the family dispute. They felt that Mrs. Deason should go outside the immediate families of the parties to make a selection. Mrs. Deason then prevailed upon plaintiff to accept the trust. While plaintiff is not a highly educated person, and is not able to follow his regular vocation because of a physical disability, the court is of the view that the evidence shows that he is competent to handle the limited duties which will be required of him as conservator of Deason's estate. This is especially true where, as here, the estate is subject to supervision by the Chancery Court of Lee County.

Considering the evidence as a whole, the court is of the opinion and so finds that the selection of plaintiff to serve as conservator of Deason's estate and to prosecute the action sub judice against defendant was not done for the sole or primary purpose of creating federal jurisdiction of the right of action. Mrs. Deason had reasonable, legitimate and bona-fide reasons for seeking plaintiff's appointment and her actions in that regard do not, in the opinion of the court, offend Section 1359.

The motion to dismiss for lack of jurisdiction of the subject matter will be dismissed by an appropriate order to be entered by the court.