GUARDIANSHIP OF MARAK: MARAK (Ernst) and another, Appellants, v. MARAK (John) and another, Respondents.

*No. 374. Submitted under sec. (Rule) 251.54 May 3, 1973.— Decided June 5, 1973.*
(Also reported in 207 N. W. 2d 648.)

For the appellants the cause was submitted on the brief of *E. H. Snyder* of Milwaukee.

For the respondents the cause was submitted on the brief of *John A. Udovc* of Milwaukee.

HALLOWS, C. J.   The only question of merit to be considered is whether the petition is sufficient to support the order of appointment by the county court. The briefs contain extraneous matter and incriminating accusations which have no place in the consideration of this issue.

The petition for the appointment of a guardian of the incompetent is governed by sec. 880.07, Stats.[1]  When such a petition is filed sec. 880.08 [2] applies and governs

[1] "880.07 Petition. . . Such petition shall state, so far as may be known:

"(1) The name, date of birth, residence and post-office address of the proposed ward.

"(2) The nature of his incapacity with specification of the incompetency or spendthrift habits.

"(3) The approximate value of his property and a general description of its nature.

"(4) Any assets previously derived from or benefits now due and payable from the veterans administration.

"(5) Any other claim, income, compensation, pension, insurance or allowance to which he may be entitled.

"(6) Whether the proposed ward has any guardian presently.

"(7) The name and post-office address of any person nominated as guardian by the petitioner.

"(8) The names and post-office addresses of the spouse and presumptive or apparent adult heirs of the proposed ward, and all other persons believed by the petitioner to be interested.

"(9) The name and post-office address of the person or institution having the care and custody of the proposed ward.

"(10) The interest of the petitioner, and if a public official or creditor is the petitioner, then the fact of indebtedness or continuing liability for maintenance or continuing breach of the public peace as well as the authority of the petitioner to act."

[2] "880.08 Notice of hearing for appointments and rehearings. Upon the filing of a petition for guardianship, and the court being satisfied as to compliance with s. 880.07, the court shall order notice of the time and place of hearing as follows:

who shall be given notice of the hearing. It is alleged the petition does not state the nature of the incapacity with specification of the incompetency and whether the proposed ward presently has any guardian. These objections are without substantial merit, although the petition is no model. A more important objection is that the petition does not state the names of the presumptive and apparent adult heirs of the alleged incompetent and all other persons believed by the petitioner to be interested. The trial court correctly held the appellants are not presumptive or apparent adult heirs of their grandmother while their father was living. But it does seem that they are persons interested in the proceeding in view of the fact they are debtors of their grandmother, a lawsuit was pending, and there existed mistrust and ill feeling between the appellants and the petitioner. It is difficult to believe the petitioner omitted the names of his two sons because he believed they were not interested. But it is impossible from the record to tell whether this petition is merely the result of poor draftsmanship or a deliberate attempt to obtain a guardian with the least amount of opposition. Neither reason commends itself but it is not pertinent to the question of whether the omission of the information is fatal to the petition. It is apparent the appellants did have actual notice of the proceeding, having appeared specially, objected and appealed.

---

"(1) INCOMPETENTS. Notice shall be served upon the proposed incompetent ward . . . The court shall cause the proposed incompetent, if able to attend, to be produced at the hearing. Such notice shall also be given by mail at least 10 days before the hearing to his presumptive or apparent adult heirs whose names and addresses are known to the petitioner or can with reasonable diligence be ascertained and to such other persons or entities as the court orders. Notice shall be given to the proposed incompetent, as herein provided, and to such others as the court orders before appointment of a successor guardian."

The appellants do not argue they were prejudiced in any way but that unless the petition complies strictly with the statute, the county court had no jurisdiction to proceed in the matter. It is quite true, the older cases under other statutes would lead one to this conclusion. *See Appeal of John Royston* (1881), 53 Wis. 612, 645, 11 N. W. 36, where the court held the omission or failure to complete the jurat by signing it was fatal. Other omissions in petitions were held not fatal in *State ex rel. Hoffmann v. Day* (1883), 57 Wis. 655, 16 N. W. 34 and in *Ziegler v. Bark* (1904), 121 Wis. 533, 99 N. W. 224, but these cases might be distinguished on the ground the missing information was not required by the statute.

In *Guardianship of Simmons* (1940), 236 Wis. 305, 294 N. W. 821, the petition did not state the names of the next of kin of the alleged incompetent and consequently they received no notice of the hearing and the alleged incompetent was not present at the hearing; the court stated that such failure would not defeat its jurisdiction. However, in *Guardianship of Nelson* (1963), 21 Wis. 2d 24, 123 N. W. 2d 505, there is language to the effect that the failure to disclose information required by sec. 319.07, Stats. 1959, to be in the petition is fatal to the court's jurisdiction. Secs. 319.07 and 319.08 referred to by the court are essentially the same as the statutes involved in this appeal. We consider, however, the statements made in *Nelson* not to be controlling because the court held that the issue in the case was whether such a collateral attack could be made upon the original appointment and on that issue the court held the attack could not be made. It would seem if the court meant the judgment was void it could hardly hold it was not subject to collateral attack.

We think the omission of information in this petition does not go to the question of the jurisdiction of the

court. We apply sec. 879.01, Stats.,[3] which expressly provides no defect of form or substance in any petition shall invalidate any proceedings. This section applies to proceedings in guardianships and is not restricted to the traditional area of probate. The county court was proceeding under its statutory probate jurisdiction in considering this petition for a guardian. In sec. 253.10 (1) probate jurisdiction is now defined as including "the appointment of guardians to minors and others in the cases prescribed by law; to all matters relating to the settlement of the estates of such deceased persons and of such minors and others under guardianship." [4] *See also: Guardianship of Bose* (1968), 39 Wis. 2d 80, 85, 158 N. W. 2d 337. In 3 Callaghan's (MacDonald), *Wisconsin Probate Law & Practice* (6th ed. 1959), p. 81, sec. 19.01, it is stated "Originally, matters relating to guardianship were of chancery jurisdiction. But the appointment and control of guardians for minors and incompetents has long been transferred to the probate courts in most of the states,

---

[3] "879.01 Petitions to probate court. All applications to probate courts, except motions in matters at issue, shall be made by verified petition. All petitions must show the jurisdiction of the court and the interest of the petitioner. All petitions, except those for statutory certificates or for ex parte orders in proceedings already pending, shall also show the names and post-office addresses of all persons interested, so far as known to the petitioner or ascertainable by him with reasonable diligence; and shall indicate who are minors or otherwise under disability, and the names and post-office addresses of their guardians. No defect of form or substance in any petition shall invalidate any proceedings."

[4] "253.10 Probate jurisdiction. (1) The jurisdiction of the county court extends to the probate of wills and granting letters testamentary and of administration on the estates of all persons deceased . . . ; to the appointment of guardians to minors and others in the cases prescribed by law; to all matters relating to the settlement of the estates of such deceased persons and of such minors and others under guardianship; . . . "

and is now commonly regarded as clearly a matter of probate cognizance."

We hold, therefore, the trial court had jurisdiction to consider the petition and committed no error in appointing the guardian.

*By the Court.*—Order affirmed; no costs allowed.