342 So.2d 492 (1977)
In re Pedro ALVAREZ.
No. 47708.
Supreme Court of Florida.
January 27, 1977.
*493 Phillip A. Hubbart, Public Defender, and Paul Morris, Asst. Public Defender, for Pedro Alvarez.
Robert L. Shevin, Atty. Gen., and Margarita Esquiroz, Asst. Atty. Gen., for appellee.
ADKINS, Justice.
This is a direct appeal from the Circuit Court of Dade County which held that Section 394.467, Florida Statutes (1973), was constitutional. We have jurisdiction. Article V, Section 3(b)(1), Florida Constitution.
We held the statute to be constitutional. In re Beverly, 342 So.2d 481, opinion filed January 27, 1977.
On June 2, 1975, appellant's wife filed a petition for emergency admission of appellant on an ex parte order. On the same day the trial court entered an ex parte order for emergency admission, authorizing the emergency *494 examination and care of appellant by the hospital. On June 4, 1975, the assistant administrator of the hospital filed a petition for involuntary hospitalization. Another ex parte order directing a psychiatric examination was entered by the trial court on June 10, 1975, pursuant to the petition for involuntary hospitalization.
Appellant contends that the petition for involuntary hospitalization filed by the assistant administrator was fatally defective and did not confer jurisdiction upon the trial court because it did not contain two requisite medical opinions required by Section 394.467(2), Florida Statutes. The appellant did not attack the sufficiency of the petition in the trial court, and, therefore, waived any objection which he may have had to the petition. Silver v. State, 188 So.2d 300 (Fla. 1966). See also Fla.App. Rule 6.7(g).
The petition for involuntary hospitalization contained a statement as to the opinions of two physicians, Dr. Arias and Dr. Castillo, but only Dr. Arias signed the document. That portion of the petition containing the medical opinion of Dr. Castillo was not signed by the doctor. This was not such fundamental error as to require a reversal of the order of involuntary hospitalization. See Hughes v. Blanton, 120 Fla. 446, 162 So. 914 (1935). Although the doctors were uncertain as to the date of the first examination, one doctor testified that he had treated appellant "since the time he was admitted" on "the day he came to the hospital." Another doctor testified that he and the other physician told defendant on the "day of the admission" that anything he said could be used against him at the hearing. The evidence was sufficient to show that appellant was examined prior to the filing of the questioned petition. Deviations from statutory requirements as are alleged to exist in this case will not render the petition fatally defective or deprive the court of jurisdiction, particularly where no prejudice is shown to have resulted. See In re Guardianship of Marak, 59 Wis.2d 139, 207 N.W.2d 648 (1973); Coglan v. Coglan, 196 Miss. 492, 18 So.2d 149 (1944). This contention of the appellant is without merit.
Appellant was warned that the psychiatrists were going to testify concerning anything told them, and that he had a choice as to whether or not he would talk with the psychiatrists. During the examination, appellant did not express any desire not to talk to the doctors or request the doctors not to testify about anything told them. After the examination and on the day prior to the hearing, appellant attempted to withdraw any permission he had given and advised the doctors that he did not want them to testify in court. The doctors requested advice of court and the trial judge correctly ruled that there would be no violation of any privileged communication. Once the privilege is waived by the appellant, he cannot invoke the privilege after the examination is completed. There was no violation of Section 90.242, Florida Statutes (1973), creating the psychiatrist-patient privilege. See In re Beverly, supra.
There was clear and convincing evidence from appellant's wife as to acts of violence on appellant's part, as well as testimony of members of the hospital staff. His hostility was evidenced by refusal to take medication, together with an uncooperative and negative attitude. The evidence of acts of violence and hostility was buttressed by testimony of a doctor that without medication appellant was potentially dangerous. The evidence is sufficient to show that appellant was mentally ill, and that because of the illness he was likely to injure himself or others if allowed to remain at liberty. In addition, appellant, though in need of care and treatment, lacked sufficient capacity to make a responsible application on his behalf. Because of the acts of violence directed towards his wife, it could not be shown that appellant could survive safely in freedom by himself or with the help of responsible family members and friends.
Other questions presented by appellant were without merit. See In re Beverly, supra.
*495 The order of the trial judge for involuntary hospitalization of appellant is affirmed.
It is so ordered.
OVERTON, C.J., and BOYD, ENGLAND, SUNDBERG, HATCHETT and ROBERTS (Retired), JJ., concur.