ADKINS, Justice.
This is a direct appeal from the Circuit Court of Dade County which held that Section 394.467, Florida Statutes (1973), was constitutional. We have jurisdiction. Article V, Section 3(b)(1), Florida Constitution.
We held the statute to be constitutional. In re Beverly, 342 So.2d 481, opinion filed January 27, 1977.
Other questions of law raised by appellant have been determined adversely to her contentions. In re Beverly, supra.
It is shown by clear and convincing evidence that appellant was mentally ill and lacked sufficient capacity to make a responsible application on her own behalf. The doctor expressed serious doubt as to the ability or desire of appellant to take required medication in the event she was not hospitalized. Appellant made reference to places that she might stay, but the doctor testified that he did not feel them “to be viable alternatives to hospitalization.” In the doctor’s opinion, she was in need of hospitalization and “lacked the capacity to apply for treatment.” No member of appellant’s family was present at the hearing. The evidence was sufficient and the judgment of the trial court is affirmed.
It is so ordered.
OVERTON, C. J., and BOYD, SUND-BERG, HATCHETT and ROBERTS (Retired), JJ., concur.
ENGLAND, J., dissents.